UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO._____

UNITED STATES OF AMERICA,

    Petitioner,

v.

SUZETTE BONANNO; CHARLES
BONANNO; and SIMFA ROSE
PHARMACEUTICAL SPECIALTY, INC.
d/b/a SIMFAROSE PHARMACY.

    Respondents.
_____/

**DECLARATION OF CLARISSA PINHEIRO SCHILD IN SUPPORT OF THE UNITED STATES' PETITION FOR SUMMARY ENFORCEMENT OF CIVIL INVESTIGATIVE DEMAND 2021-SP-DMR/INT-01**

I, Clarissa Pinheiro Schild, pursuant to 28 U.S.C. § 1746, declare as follows:

1. This declaration is made in support of the United States' Petition for Summary Enforcement of Civil Investigative Demand 2021-SP-DMR/INT-01 ("the CID") to Suzette Bonanno, Charles Bonanno, and Simfa Rose Pharmaceutical Specialty, Inc. d/b/a SimfaRose Pharmacy, their pharmacy business (together, "Respondents").

2. I am an Assistant United States Attorney in the United States Attorney's Office for the Southern District of Florida. I am the False Claims Law investigator for the CID under 31 U.S.C. § 3733(a)(2)(B)(iii) and (C)(iii).

3. A true and correct copy of CID 2021-SP-DMR/INT-01 is attached as Exhibit A.[1]

4. A true and correct copy of the Proof of Service and Declaration of Service, dated March

---

[1] Patient names and physician names have been redacted from the CID and other exhibits to this Declaration for privacy purposes and to preserve the integrity of the United States' investigation.

26, 2021, are attached as Exhibit B.

5. For over ten months, I attempted to reach agreements with Respondents as to the scope and timing of the CID responses, address Respondents' objections, and secure complete responses. Attached as Exhibit C is the Government's Summary Chart (Summary Chart) listing each CID document request and interrogatory, a summary of Respondents' responses and objections to each request, and the status of Respondents' compliance or noncompliance with the request.[2]

6. The United States granted Respondents several extensions of time to respond to the CID. The first extension was to June 18, 2021. The final extension was to January 10, 2022. A true and correct copy of my email communications with Respondents' counsel memorializing these extensions is attached hereto as Exhibit G.[3]

7. On July 12, 2021, Respondents, through counsel, submitted responses and objections to the CID via email. Counsel's email made several references to "documents produced herein," but none were provided with the email. The July 12, 2021 email from Respondents' counsel John Tartaglia and attached PDF document entitled "Simfaroses [sic] Objections and Responses to the CID (Courtesy Copy)" are attached herein as Exhibit D.

---

[2] Exhibit C includes verbatim each specific document demand and interrogatory sought to be enforced, and verbatim the specific objections Respondents made to each document demand and interrogatory in their response entitled "Simfaroses [sic] Objections and Responses to the CID (Courtesy Copy)" (Ex. D). Additional discussions about the CID requests and interrogatories occurred via phone and email, examples of which are included as exhibits to this Declaration.
[3] The emails included in this and other exhibits to this Declaration do not include all emails that were part of every email chain between counsel for the United States and counsel for Respondents, but may include a preceding email for context. In some instances, information has been redacted from the email communications between counsel for privacy purposes.

8. On July 15, 2021, Respondents' counsel John Tartaglia stated via email that "SimfaRose's responses are referring to the documents being produced by mail which you should receive shortly" but did not provide the tracking information as I had requested.

9. The United States shortly thereafter, on July 19, 2021, received a USB drive via USPS containing approximately 55 documents. The enclosed cover letter provided with the USB drive stated: "Enclosed please find a USB drive containing the documents produced by Simfarose in response to the CID, including documents responsive to Request 12 subject to objections even though no response is required at this time." An accurate copy of this cover letter is attached hereto as Exhibit E. No further information was provided regarding which CID requests corresponded to which documents on the USB drive, despite my requests for further clarification. *See* Summary Chart, Ex. C.

10. A large percentage of the 55 electronic documents are not responsive to Document Request 12, even though that was the only request referenced in the cover letter. Out of the portion that relate to Document Request 12, involving drug purchase records, most of the documents produced do not relate to the Relevant Time Period specified in the CID (rather, they are from 2012 or 2013). Some of the drug purchase records produced also fail to include key information, such as the name of the distributor or wholesaler that they relate to. *See* Summary Chart, Ex. C.

11. Between May and November 2021, Respondents produced documents on a rolling basis;[4] however, the documents produced did not comply with the CID Instructions for Production and Data Production Specifications, which asked for documents to be produced in electronic

---

[4] Some documents pertaining to one patient were produced in May before Respondents produced their July 12 CID responses and objections (Ex. D).

format, to be Bates stamped, and to be organized or identified by document request number, among other instructions.[5] *See* Summary Chart, Ex. C.

12. The vast majority of documents produced by Respondents to date in response to CID 2021-SP-DMR/INT-01 are patient records responsive to Document Request 2 (identifiable because they contain the patient name). These were produced on a rolling basis via several emails; a FedEx package and USB drive received on or about May 3, 2021; two additional USB drives received via USPS on August 11, 2021, and August 17, 2021; and three boxes of hard-copy documents produced via FedEx on or about August 17, 2021; October 5, 2021; and November 9, 2021. The three FedEx boxes contained stacks of paper patient records with no identification as to which document requests or interrogatories they responded to, no Bates stamps, and no cover letter, making it challenging to track CID compliance. *See* Summary Chart, Ex. C.

13. To date, my office has not located among the documents produced any patient records for four out of thirty patients listed in Document Request 2. Furthermore, a review of the paper patient records revealed that many of the pages were duplicates or triplicates of each other. Documents for some of the same patients were sent both via paper records and via email or USB – the Government has not been able to determine how many of these may be duplicates.

14. Significant portions of the patient records responsive to Document Request 2 are illegible screenshots. I notified Respondents' counsel of this issue, and when asked to provide

---

[5] In some instances, particularly for individual documents produced via email, Respondents did identify the document request or interrogatory number. However, this was not done when multiple documents were produced at once, such as in boxes or the July 19, 2021 USB drive. Respondents should have properly labeled *all* documents, as the Government cannot match the document requests to corresponding responses without engaging in some guesswork. Nevertheless, the Government has gone through the documents and made its best efforts to describe in Exhibit C what documents have been produced so far.

more detail, I provided some examples of illegible screenshots via email on July 22, 2021. Nevertheless, Respondents have not cured this deficiency, and continued to produce more illegible screenshots. The examples of illegible screenshots I sent on July 22, 2021 are attached as Exhibit F.

15. In addition to the patient records responsive to Document Request 2, and the 55 documents produced via USB drive on July 19, 2021, the Government has only received approximately 16 additional PDF documents in response to CID 2021-SP-DMR/INT-01. These 16 documents were produced via several separate emails on various dates and are accounted for in the Government's Summary Chart. The Government has made its best efforts to describe what has been produced.[6] *See* Summary Chart, Ex. C.

16. Although Respondents provided responses to CID Interrogatories 1 through 11 on July 12, 2021 (Ex. D), all are incomplete, except the response to Interrogatory 8, as described in greater detail in the Government's Summary Chart. Ex. C. For example, Interrogatory 7 asks for "the name, address, telephone numbers, and point of contact for all wholesalers, manufacturers, or suppliers from whom You purchased products dispensed at SimfaRose" and requested a list of the products purchased. The Government agreed to accommodate Respondents by revising Interrogatory 7 not to require a list of products purchased, and to request information only for "prescription drug products" rather than "all products dispensed." *See* May 28, 2021 and July 2, 2021 emails from Government, attached as Exhibit H. Nevertheless, even after the revision, Respondents failed to provide addresses, telephone numbers, or points of contact for the

---

[6] When combined with the 55 electronic files produced via USB drive, the total number of documents received apart from patient medical records (i.e., those documents responsive to Request 2) was approximately 71 documents.

wholesalers; failed to confirm that a complete list of wholesalers was provided; and in some cases, only provided an acronym for the wholesaler rather than the full name. Ex. C.

17. Between March and December 2021, both via phone and email, I repeatedly attempted to reach an agreement with Respondents as to the scope, prioritization, and timing of the document production, clarify the status of Respondents' compliance with the CID, identify which documents had already been produced, address Respondents' objections, and secure complete responses. Nevertheless, the parties were unable to reach an agreement on pending issues. From a review of the documents produced, it is clear that substantial documents remain outstanding, including but not limited to entire categories of document types such as email correspondence, text messages, and nearly all drug purchase records responsive to Request 12.

18. Since Respondents had alleged some CID demands were burdensome, on July 19, 2021, I sent Respondents' counsel an email, attached as Exhibit I, documenting my office's offer to assist with retrieving copies of documents in person at their place of business. Respondents did not accept the offer.

19. To give some examples of my efforts to communicate with Respondents' counsel, on August 12, 2021, I emailed Respondents' counsel asking for clarification, missing CID responses, and a status update on specific CID requests. Respondents did not respond to this email. On September 17, 2021, I sent a follow-up email forwarding the previously unanswered questions, providing confirmation that a box of paper documents had been received, and asking for clarification as to what was in the box of paper documents. Respondents did not respond to this email. On December 8, 2021, I sent an email to Respondents' counsel stating in pertinent part that we had received three boxes of paper documents that were not labeled and did not comply with the CID instructions, that we could not tell if Respondents had closed out any of the CID requests,

that we needed additional information to evaluate CID compliance and status, and granting a final deadline until January 10, 2022 to provide the outstanding responses. I also informed Respondents that the next step would be to file a petition to enforce the CID in court. Nine days passed and Respondents did not respond to this email. A true and correct copy of my emails to Respondents' counsel between August 12, 2021 and December 8, 2021 are attached as Exhibit J.

20. On December 17, 2021, the Drug Enforcement Administration (DEA) executed an Administrative Inspection Warrant (AIW) at the SimfaRose pharmacy location in Pembroke Pines, Florida. The AIW was signed and approved by U.S. Magistrate Judge Jacqueline Becerra in this district on December 13, 2021, under case number 1:21-mj-04341 and executed pursuant to DEA's inspection authority granted under 21 U.S.C. § 880.[7] On December 17, 2021, Respondents' counsel asked via email, in pertinent part, how the AIW would impact the CID. On December 21, 2021, I responded via email stating in pertinent part that the January 10, 2022 deadline remained the same, and that Respondents were still expected to produce responsive documents and information in their possession pursuant to the CID. A true and accurate copy of my December 21, 2021 email and Respondents' counsel's December 17, 2021 email are attached as Exhibit K.

21. After some additional emails were exchanged between me and Respondents' counsel, a conference call was scheduled at Respondents' counsel Andrea Wolfson's request for 3pm on January 7, 2022. I dialed into the conference line, along with a case agent and investigator for the Government, but Respondents' counsel did not dial into the call. A true and accurate copy of communications related to the January 7, 2022 call is attached as Exhibit L, and a report showing

---

[7] The scope of the AIW covers "controlled substances" as defined by the Controlled Substances Act, 21 U.S.C. § 823 *et seq.,* and its implementing regulations; the scope is therefore narrower than the scope of CID 2021-SP-DMR/INT-01, which covers medications that are not "controlled."

the attendees is attached as Exhibit M. No further documents or responses were produced by the January 10, 2022 deadline or thereafter.

22. Respondents still have not given any indication as to whether they have fully complied with any of the document requests or interrogatories in the CID. They have also refused to commit to a deadline by when they would fully respond. And they have failed to produce a privilege log in accordance with the CID Instructions for Production, numbers 8 and 9.

23. Respondents' responses to Interrogatories 1, 2, 3, 4, 5, 6, 7, and 9 are incomplete. The response to Interrogatory 8 appears complete. *See* Summary Chart, Ex. C (which lists Respondents' verbatim responses to each interrogatory and an explanation of why each response is deficient).

24. As detailed in the Government's Summary Chart (Ex. C), Document Requests 2, 4, 5, 7, 9, 10, 11, and 12 are incomplete (or appear incomplete) based on the best information available to the Government. The status of Document Requests 6 and 8 is unclear, as some documents have been produced, but the Government cannot tell, and Respondents have not indicated, whether all responsive documents have been produced. For Document Request 1, Respondents stated no documents were identified as of July 12, 2021; this response may be complete assuming Respondents certify there are no responsive documents. Respondents have not certified compliance as to any of the Document Requests in the CID. The Government has agreed to accommodate Respondents by not seeking responses to Document Request 3.

Dated: February 9, 2022                                  Respectfully submitted,

                                                         *Clarissa Pinheiro Schild*
                                                         **Clarissa Pinheiro Schild**
                                                         **Assistant United States Attorney**
                                                         Fla. Bar No.: 0056784
                                                         United States Attorney's Office

                                                      99 N.E. 4th Street, 3rd Floor
                                                     Miami, Florida 33132
                                                     Tel.: 305.961.9310
                                                     E-mail: clarissa.schild@usdoj.gov
                                                     *Counsel for the United States*