Exhibit C

Document Requests and Interrogatories

| Document Request # | Request | Respondents' Objections and Grounds | Status and Reasons Supporting Petition for Enforcement |
|---|---|---|---|
| 1 | Provide all documents related to your response to Interrogatory 1, including all organizational charts for any part of the Relevant Time Period. | SimfaRose objects to this request on the grounds that it is irrelevant, vague, and too indefinite. Subject to and without waiving or limiting the foregoing objections, SimfaRose is currently unaware of any documents in its possession that are responsive to this request. SimfaRose reserves and preserves the right to supplement his response to this request with any new or additional information or documents obtained during the course of ongoing discovery and investigation. | **Respondents state no responsive documents were identified but have not yet certified whether the response is complete.** |
| 2 | All documents, including but not limited to medical records, prescription data or history, patient profile information (complete prescription histories at Your pharmacy), and claims information, related to the patients listed in Table A, attached. | SimfaRose objects to this request on the grounds that it is irrelevant, overbroad, duplicative of prior subpoenas and/or related demands, and seeks documents that are already in the Government's possession or as equally available to the Government. Subject to and without waiving or limiting the foregoing objections, SimfaRose refers the Government to the documents produced herein. SimfaRose reserves and preserves the right to supplement his response to this request with any new or | **Incomplete.**<br>• Respondents have provided patient records via email, via USB drives sent by USPS and FedEx, and in three large boxes containing paper records sent via FedEx. However, Respondents have given no indication how many records remain to be produced and have yet to certify that any of the patient records have been produced in their entirety.<br>• No patient records have been produced for four of the patients whose records were requested in the CID. |

| | | additional information or documents obtained during the course of ongoing discovery and investigation. | • On July 14, 2021, the Government pointed out that patient records received electronically contained illegible screenshots, and requested legible copies of the screenshots. On July 22, 2021, upon Respondents' counsel's request, the Government provided specific examples of illegible screenshots. To date, the Government is not aware of having received legible copies of the screenshots, and has instead received more illegible screenshots. |
|---|---|---|---|
| **3** | Complete client file. | SimfaRose objects to this request on the grounds that it is vague, too indefinite, overbroad and irrelevant. | To accommodate the Respondents, the United States has agreed not to request this information. |
| **4** | All documents related to any agreements, arrangements, or relationships (including any investment or ownership interests), whether written or unwritten, formal or informal, between You and any prescription drug manufacturer, distributor, supplier, or wholesaler; laboratory, medical practice, physician/group, or health care professional, including all related records, communications, and agreements. | SimfaRose objects to this request on the grounds that it seeks *ex parte* civil discovery, via the March 2021 CID, of information and documents related to and/or substantially the same, if not virtually identical, as the fraud allegations, transactions, and events upon which the prior *qui tam* action entitled Jane Doe v. Prostrakan, et al. (Case No. 14-5868 or 3:14-cv-5865), that was filed against SimfaRose and others in or around September 2014 and is currently pending in the United States District Court for the District of New Jersey, is based. Furthermore, the CID was issued *after* the Government made its election regarding whether to intervene in this case. Therefore, the | **Appears incomplete as no emails or text messages have been produced, and the Government has only located approximately 20 pages plus 3 PDF documents produced to the Southern District of Florida (SDFL) that appear responsive.** <br>• The Government was able to identify about 20 pages of documents produced on a USB drive to the SDFL that appear responsive to this Request. The USB drive was sent via USPS and received July 19, 2021. Respondents also produced 3 PDF documents via email on July 19, 2021 that they later represented were responsive to this request. <br>• Respondents referred the Government to documents they had produced previously for another investigation handled by another district, but did not reproduce the |

| | | | |
|---|---|---|---|
| | | Government lacks the authority to issue the CID and it, including this interrogatory, is barred by 31 U.S.C. § 3733(a)(1) (citations omitted; cited in Respondents' objections at Exhibit D).<br><br>SimfaRose also objects to this request on the grounds that it is overly broad, unduly burdensome, irrelevant, vexatious, harassing, propounded for an illegitimate purpose, seeks information and documents that are already that are already in the Government's possession, and is duplicative of requests contained in previous subpoenas issued by the United States Attorney's Office in connection with its lengthy investigation of SimfaRose prompted by the above referenced *qui tam* action (citations omitted; cited in Respondents' objections at Exhibit D).<br><br>Subject to and without waiving or limiting the foregoing objections, SimfaRose refers the Government to the documents previously produced to the United States Attorney's Office on May 5, 2017 in response to its administrative subpoena dated March 15, 2017 and the documents produced to the United States Attorney's Office in response to its administrative subpoena dated | documents or provide copies. On July 14, 2021, the Government asked Respondents if they retained copies of the documents produced to New Jersey. Respondents' counsel responded that this question "is improper and it seeks irrelevant information." Despite discussions on this issue, Respondents have yet to provide the Government with clarifying information as to which documents provided to New Jersey would be responsive to this request.<br>• The SDFL has requested and received several documents from the District of New Jersey related to that district's prior investigation and has identified a very limited set of specific documents (fewer than 30 pages) that were previously produced by Respondents to that district and appear to be referenced by Respondents in their July 12, 2021 Objections and Responses to this Request. Documents produced to New Jersey generally appear to relate to only one drug, Sancuso. The documents generally relate to a different time frame from the current investigation (with some overlap). Thus, they are a very limited subset of documents. Also, the Government should not have to rely on its own guesswork regarding which documents produced to another district are responsive to the current CID.<br>• Respondents also stated: "SimfaRose also refers the Government to the additional |

| | | September 7, 2017. SimfaRose also refers the Government to the additional contracts produced herein. SimfaRose reserves and preserves the right to supplement his response to this request with any new or additional information or documents obtained during the course of ongoing discovery and investigation. | contracts produced herein." However, the Government has not been able to identify or locate any "contracts produced herein." Respondents' "Objections and Responses to the CID" were sent via an email on July 12, 2021 and did not include any other attachments. The Government has not located or received any other copy of these Objections and Responses that contained attachments.<br><br>• In sum, substantial documents are missing, including email and text message communications, which have not been produced. Respondents have not provided any helpful way of tracking compliance with this Request, nor have they certified their response is complete. |
|---|---|---|---|
| 5 | All documents related to any remuneration offered/ provided to You by any prescription drug manufacturer, distributor, or wholesaler; laboratory, medical practice, physician/group, or health care professional, including all related records, communications, and agreements. | SimfaRose objects to this request on the grounds that it seeks *ex parte* civil discovery, via the March 2021 CID, of information and documents related to and/or substantially the same, if not virtually identical, as the fraud allegations, transactions, and events upon which the prior *qui tam* action entitled Jane Doe v. Prostrakan, et al. (Case No. 14-5868 or 3:14-cv-5865), that was filed against SimfaRose and others in or around September 2014 and is currently pending in the United States District Court for the District of New Jersey, is based. Furthermore, the CID was issued *after* the Government made its | **Appears incomplete. No documents produced to date that the Government has been able to identify.**<br><br>• Respondents referred the Government to documents they had produced previously for another investigation handled by another district, but did not reproduce the documents or provide copies. On July 14, 2021, the Government asked Respondents if they retained copies of the documents produced to New Jersey. Respondents' counsel responded that this question "is improper and it seeks irrelevant information." Despite discussions on this issue, Respondents have yet to provide the Government with clarifying information as to which |

| | | election regarding whether to intervene in this case. Therefore, the Government lacks the authority to issue the CID and it, including this interrogatory, is barred by 31 U.S.C. § 3733(a)(1) (citations omitted; cited in Respondents' objections at Exhibit D). SimfaRose also objects to this request on the grounds that it is irrelevant, vexatious, harassing, propounded for an illegitimate purpose, seeks information and documents that are already that are already in the Government's possession, and is duplicative of requests contained in previous subpoenas issued by the United States Attorney's Office in connection with its lengthy investigation of SimfaRose prompted by the above referenced *qui tam* action (citations omitted; cited in Respondents' objections at Exhibit D). Subject to and without waiving or limiting the foregoing objections, SimfaRose refers the Government to the documents previously produced to the United States Attorney's Office on May 5, 2017 in response to its administrative subpoena dated March 15, 2017 and the documents produced to the United States Attorney's Office in response to its | documents provided to New Jersey would be responsive to this request. <ul><li>The SDFL has requested and received several documents from the District of New Jersey related to that district's prior investigation and has reviewed those documents but is unable to identify, based on the limited information provided by Respondents, which documents would be responsive to this Request. Documents produced to New Jersey generally appear to relate to only one drug, Sancuso. The documents generally relate to a different time frame from the current investigation (with some overlap). Thus, they are a very limited subset of documents. The Government should not have to rely on its own guesswork regarding which documents produced to another district are responsive to the current CID.</li><li>Respondents also stated: "SimfaRose also refers the Government to the additional contracts produced herein." However, the Government has not been able to identify or locate any "contracts produced herein." Respondents' "Objections and Responses to the CID" were sent via an email on July 12, 2021 and did not include any other attachments. The Government has not located or received any other copy of these Objections and Responses that contained attachments.</li><li>In sum, Respondents have not provided responsive documents, nor have they</li></ul> |

| | | administrative subpoena dated September 7, 2017. SimfaRose also refers the Government to the additional contracts produced herein. SimfaRose reserves and preserves the right to supplement his response to this request with any new or additional information or documents obtained during the course of ongoing discovery and investigation. | stated that no responsive documents could be located. |
|---|---|---|---|
| **6** | All documents related to Your opioid prescribing/dispensing policies and practices, including but not limited to policies regarding (1) compliance with any REMS program, (2) compliance with the Controlled Substances Act, (3) compliance with prescription drug monitoring programs, or (4) prescription compliance monitoring, such as urine drug testing and use of prescription drug monitoring program data. | SimfaRose objects to this request on the grounds that it is irrelevant, overbroad, too indefinite, and vague. Subject to and without waiving or limiting the foregoing objections, SimfaRose refers the Government to the documents produced herein. SimfaRose reserves and preserves the right to supplement his response to this request with any new or additional information or documents obtained during the course of ongoing discovery and investigation. | **Status not clear.**<br>• Since Respondents have not labeled their document production in accordance with the CID instructions and normal practice, the Government can only guess which documents are responsive. The Government has identified several PDF documents produced via USB drive (approximately 20 or so) that appear to relate to policies and practices, though they are mixed with other documents. The Government has no way of assessing how complete this production is, and Respondents have not certified completion or given updates as to the status.<br>• The Government was not able to identify or locate any "documents produced herein," as Respondents' "Objections and Responses to the CID" were sent via an email on July 12, 2021 that did not include any other attachments. The Government has not located or received any other copy of these Objections and Responses that contained attachments. |

| 7 | All documents and communications related to prescribing by the following providers, including but not limited to communications with the providers about their prescriptions, or internal communications about whether to fill or deny prescriptions from these providers: [list of 20 providers omitted here]. | SimfaRose objects to this request on the grounds that it seeks *ex parte* civil discovery, via the March 2021 CID, of information and documents related to and/or substantially the same, if not virtually identical, as the fraud allegations, transactions, and events upon which the prior *qui tam* action entitled Jane Doe v. Prostrakan, et al. (Case No. 14-5868 or 3:14-cv-5865), that was filed against SimfaRose and others in or around September 2014 and is currently pending in the United States District Court for the District of New Jersey, is based. Furthermore, the CID was issued ***after*** the Government made its election regarding whether to intervene in this case. Therefore, the Government lacks the authority to issue the CID and it, including this interrogatory, is barred by 31 U.S.C. § 3733(a)(1) (citations omitted; cited in Respondents' objections at Exhibit D). SimfaRose also objects to this request on the grounds that it is overly broad, unduly burdensome, irrelevant, vexatious, harassing, propounded for an illegitimate purpose, seeks information and documents that are already that are already in the Government's | **Incomplete.**<br>• Since Respondents have not labeled their document production in accordance with the CID instructions and normal practice, and large volumes of pages were produced as hard copy records, the Government cannot estimate at this time how many documents may be responsive to this request. Respondents have not identified any documents as being responsive to this Request.<br>• A review of the hard copy records has not resulted in any responsive communications being identified.<br>• Respondents referred the Government to documents they had produced previously for another investigation handled by another district, but did not reproduce the documents or provide copies. On July 14, 2021, the Government asked Respondents if they retained copies of the documents produced to New Jersey. Respondents' counsel responded that this question "is improper and it seeks irrelevant information." Despite discussions on this issue, Respondents have yet to provide the Government with clarifying information as to which documents provided to New Jersey would be responsive to this request.<br>• The Southern District of Florida has requested and received several documents from the District of New Jersey related to that district's prior |

| | | | |
|---|---|---|---|
| | | possession, and is duplicative of requests contained in previous subpoenas issued by the United States Attorney's Office in connection with its lengthy investigation of SimfaRose prompted by the above referenced *qui tam* action (citations omitted; cited in Respondents' objections at Exhibit D).<br><br>Subject to and without waiving or limiting the foregoing objections, SimfaRose refers the Government to the documents previously produced to it in response to its administrative subpoenas and similar demands as well as the additional documents produced herein.<br><br>SimfaRose reserves and preserves the right to supplement his response to this request with any new or additional information or documents obtained during the course of ongoing discovery and investigation. | investigation but since those documents were not clearly labeled either, the Government cannot determine how many may also be responsive to CID 2021-SP-DMR/INT-01. However, those documents relate to a different time frame from the current investigation (with some overlap) and relate only to one drug, Sancuso. Thus, they are a very limited subset of documents. Also, the Government should not have to rely on its own guesswork regarding which documents produced to another district are responsive to the current CID.<br>• Respondents also stated: "SimfaRose also refers the Government to the additional contracts produced herein." However, the Government has not been able to identify or locate any "contracts produced herein." Respondents' "Objections and Responses to the CID" were sent via an email on July 12, 2021, and did not include any other attachments. The Government has not located or received any other copy of these Objections and Responses that contained attachments.<br>• In sum, substantial documents are missing, including communications via email and text message, which have not been produced. Respondents have not provided any helpful way of tracking compliance with this Request. |
| **8** | All documents related to any internal or external investigation, | SimfaRose objects to this request on the grounds that it seeks documents that are already in the Government's | **Status not clear.**<br>• Respondents have produced some audit or investigation-related documentation. |

| | | |
|---|---|---|
| audit, review, or inquiry related to<br>Your prescribing/dispensing practices or to any patient for whom You dispensed medications,<br>including any investigations, audits, reviews, or inquiries by federal or state regulators or programs (e .g. Medicare, Medicaid, TRICARE, Veterans Affairs, ARCA, etc.), private insurers, opioid distributors, opioid manufacturers, opioid wholesalers, or state licensing boards. | possession or which are equally accessible or available to the Government as to SimfaRose, irrelevant, overbroad, and not properly limited in time or scope. Subject to and without waiving or limiting the foregoing objections, and in accordance with the limitation of this request agreed to by the False Claims Act Custodian, SimfaRose refers the Government to the documents produced herein. SimfaRose reserves and preserves the right to supplement his response to this request with any new or additional information or documents obtained during the course of ongoing discovery and investigation. | Approximately 10 total PDF files were produced via email on July 20, 28, 29, 2021 that related to Document Request 8. A USB drive produced to the Government on July 19, 2021 via USPS contained approximately 55 documents, some of which were Excel reports and PDF documents that referenced "audits." Since Respondents have not labeled or organized the majority of the documents, and have not certified that they fully responded to the document requests, the Government does not know if all documents responsive to this request have been produced.<br><br>• The Government disputes that the documents are already in its possession or equally accessible to the Government. A pharmacy like SimfaRose may be subjected to various audits or investigations, including by private, state, and federal entities. The documents related to these various audits/investigations are more readily available to SimfaRose, the business that was audited/investigated, than to the United States. Moreover, any internal audits or reviews would only be in the possession of SimfaRose.<br><br>• Again, Respondents referred to "documents produced herein," but it is impossible to determine what documents are being referenced since Respondents' "Objections and Responses to the CID" were sent via an email on July 12, 2021 |

| | | | that did not include any other attachments. |
|---|---|---|---|
| **9** | All documents related to any adverse event experienced by any patient prescribed an opioid by You, including any overdose, complication, or death. | SimfaRose objects to this request on the grounds that it is irrelevant. Subject to and without waiving or limiting the foregoing objection, SimfaRose is a pharmacy and does not prescribe any drugs. As such, SimfaRose has no documents responsive to this request. | **Incomplete.** On August 12, 2021, the Government clarified via email that document request 9 intended to request documents related to adverse events for patients who were "dispensed" an opioid by Respondents. The word "prescribed" in this request should be interpreted to mean "dispensed." That clarification was sent again via email on September 17, 2021. Respondents have not responded. |
| **10** | All documents related to prescription drug coverage under any federal or state health care program, including Medicare, Medicaid, TRICARE, Veterans Affairs, the Federal Employee Health Benefits Program, or state or federal workers' compensation programs. | SimfaRose objects to this request on the grounds that it is vague, too indefinite, overbroad, and irrelevant. Subject to and without waiving or limiting the foregoing objections, SimfaRose refers the government to the documents produced herein to the extent they are responsive to this request. SimfaRose reserves and preserves the right to supplement his response to this request with any new or additional information or documents obtained during the course of ongoing discovery and investigation. | **Incomplete.**<br>• Respondents referred to "documents produced herein," but it is impossible to determine what documents are being referenced since Respondents' "Objections and Responses to the CID" were sent via an email on July 12, 2021 that did not include any other attachments.<br>• Respondents have not labeled or otherwise identified any documents as responsive to Request 10. Nor have they certified that they have fully complied with this Request.<br>• In response to other document requests, Respondents have provided documents that would fall under this Request as interpreted broadly; however, the Government would expect Respondents to, for example, perform an email search for relevant documents, such as communications about prescription |

| | | | |
|---|---|---|---|
| | | | coverage under federal programs. It does not appear any such communications have been produced. |
| **11** | All documents, including but not limited to all internal and external communications, notes, policies, agreements, all shipment records, all pre-authorizations and requests submitted to insurance for approval, marketing materials, presentations, records of speaking engagements, and meeting minutes, related to all forms / variations of the following prescription drugs: [list of 21 drugs omitted here]. | SimfaRose objects to this request on the grounds that it seeks *ex parte* civil discovery, via the March 2021 CID, of information and documents related to and/or substantially the same, if not virtually identical, as the fraud allegations, transactions, and events upon which the prior *qui tam* action entitled Jane Doe v. Prostrakan, et al. (Case No. 14-5868 or 3:14-cv-5865), that was filed against SimfaRose and others in or around September 2014 and is currently pending in the United States District Court for the District of New Jersey, is based. Furthermore, the CID was issued *after* the Government has made its election regarding whether to intervene in this case. Therefore, the Government lacks the authority to issue the CID and it, including this interrogatory, is barred by 31 U.S.C. § 3733(a)(1) (citations omitted; cited in Respondents' objections at Exhibit D). SimfaRose also objects to this request on the grounds that it is overly broad, unduly burdensome, irrelevant, vexatious, harassing, propounded for an illegitimate purpose, seeks information and | **Incomplete.**<br>• Respondents referred the Government to documents they had produced previously for another investigation handled by another district, but did not reproduce the documents or provide copies. On July 14, 2021, the Government asked Respondents if they retained copies of the documents produced to New Jersey. Respondents' counsel responded that this question "is improper and it seeks irrelevant information." Despite discussions on this issue, Respondents have yet to provide the Government with clarifying information as to which documents provided to New Jersey would be responsive to this request.<br>• The SDFL has requested and received several documents from the District of New Jersey related to that district's prior investigation but since those documents were not clearly labeled either, the Government cannot determine how many may also be responsive to CID 2021-SP-DMR/INT-01. However, those documents relate to a different time frame from the current investigation (with some overlap) and relate only to one drug, Sancuso. Thus, they are a very limited subset of documents. Also, the Government should not have to rely on its own guesswork regarding which |

| | | documents that are already that are already in the Government's possession, and is duplicative of requests contained in previous subpoenas issued by the United States Attorney's Office in connection with its lengthy investigation of SimfaRose prompted by the above referenced *qui tam* action (citations omitted; cited in Respondents' objections at Exhibit D).<br><br>Subject to and without waiving or limiting the foregoing objections, SimfaRose refers the Government to the documents previously produced to it in response to its administrative subpoenas and similar demands as well as the additional documents produced herein.<br><br>SimfaRose reserves and preserves the right to supplement his response to this request with any new or additional information or documents obtained during the course of ongoing discovery and investigation. | documents produced to another district are responsive to the current CID.<br>• The Government was not able to identify or locate any "documents produced herein." Respondents' "Objections and Responses to the CID" were sent via an email on July 12, 2021 and did not include any other attachments. The Government has not located or received any other copy of these Objections and Responses that contained attachments.<br>• In sum, substantial documents are missing, including email communications and text messages, which have not been produced. Respondents have not provided any helpful way of tracking compliance with this Request. |
| **12** | All documents related to the sale or purchase of medications and products, including but not limited to sales invoices and other sales documents. For each purchase by SimfaRose, include the National Drug Code (NDC), product description, total | SimfaRose objects to this request on the grounds that it is overly broad, not limited in time or scope, too indefinite, and irrelevant. | **Incomplete.**<br>• Respondents have produced some Excel spreadsheets and PDF documents that appear responsive to this Request on the July 19, 2021 USB drive that contained approximately 55 documents. However, most of the documents that appear responsive are from 2012 or 2013, before the Relevant Time Period, and others are |

|  |  |  | • missing information, such as the distributor/wholesaler they relate to. The vast majority of the documents are outstanding. <br> • Documents reflecting drug purchases and returns to wholesalers and distributors should be readily retrievable and have not been provided for the Relevant Time Period as requested. <br> • Counsel for the Government and for Respondents discussed this request at length and could not reach an agreement. Respondents continue to withhold substantial amounts of responsive, non-privileged documents. |

| Interrogatory # | Interrogatory | Respondents' Objections, Grounds, and Responses | Status and Reasons Supporting Petition for Enforcement |
|---|---|---|---|
| 1 | Describe the ownership and management structures of SimfaRose, nationally and regionally. Identify any changes in the ownership and management structures and the date(s) of any such changes. | SimfaRose objects to this interrogatory on the grounds that it is irrelevant, vague and indefinite, seeks information that is publicly available, and seeks information that is already in the Government's possession or available to it through other government agencies. Subject to and without waiving or limiting the foregoing objections, SimfaRose Pharmaceutical Specialty, Inc. is owned by SCSC Enterprises, LLC, which is owned and managed by Suzette Bonanno. SimfaRose Pharmaceutical Specialty, Inc. is managed by its President, Suzette | **Incomplete.** The CID instructions define "SimfaRose" as including "any of its related entities (to include predecessor and successor entities, affiliates, branches, or offices, including but not limited to KGJ Enterprises and SimfaRose Pharmaceutical Specialty Inc.) . . . ." Respondents provided information related to SimfaRose Pharmaceutical Specialty, Inc. but not the related entities. |

| | | Bonanno, and Charles Bonanno, the Pharmacy Director and pharmacist. | |
|---|---|---|---|
| 2 | Describe SimfaRose's compliance program(s), and identify any individuals with responsibilities related to compliance, nationally and regionally. Identify any changes in SimfaRose's compliance program(s) and the date(s) of any such changes. | SimfaRose objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, irrelevant, vague, and seeks confidential, commercially sensitive information and trade secrets protected from disclosure or, if disclosure is required, should be controlled by a strict protective order or confidentiality agreement. SimfaRose also objects to this interrogatory on the grounds that the purported clarification of its scope that the Government provided on March 30, 2021 as seeking information on "compliance programs" related to "any kind of healthcare compliance" is overbroad, irrelevant, and vague. Subject to and without waiving or limiting the foregoing objections, SimfaRose's healthcare related compliance programs address such matters as HIPAA, Medicare and Medicaid, controlled substances, and Fraud Waste and Abuse (FWA), among other things, and its programs include training and education on legal requirements, policies and procedures, standards of conduct, and ethical compliance (FWA training is completed annually through a reputable vendor), policies | **Incomplete.**<br>• The Government seeks clarification as to whether the response applies to all related SimfaRose entities.<br>• The Government seeks clarification as to whether any individuals other than Charles Bonanno had responsibilities related to compliance, and during what time periods. |

| | | and procedures to report violations and encourage communication and questions regarding compliance, procedures to respond to and address alleged violations of standards of conduct and compliance expectations and to enforce appropriate disciplinary actions against employees who violate the same, and procedures to monitor compliance and the effectiveness of the programs. SimfaRose refers the Government to the documents produced herein for additional information responsive to this interrogatory. SimfaRose is an Accreditation Commission for Health Care (ACHC) accredited specialty and compounding pharmacy with an additional distinction in oncology and specialty pharmacy services. To obtain and maintain these accreditations, SimfaRose has developed and implemented written policies and procedures addressing various ACHC standards. Charles Bonanno is the compliance officer. Should the Government agree to clarify and/or narrow the scope of this interrogatory, SimfaRose will review its objections and provide an appropriate supplemental response to this interrogatory to the extent it may be necessary. | |

| | | SimfaRose also reserves and preserves the right to supplement his response to this interrogatory with any new or additional information or documents obtained during the course of ongoing discovery and investigation. | |
|---|---|---|---|
| 3 | Identify all Medicare provider numbers, Medicaid provider numbers, Tax ID numbers, and DEA numbers used by SimfaRose during the Relevant Time Period, and the dates when each number was used. | SimfaRose objects to this interrogatory on the grounds that it is irrelevant and seeks information that is already in the Government's possession or available to it through other government agencies. Subject to and without waiving or limiting the foregoing objections, the following Medicare, Medicaid, and tax ID numbers were used by SimfaRose and KGJ during the six (6) year period preceding the date of these responses and objections: [some numbers for Simfarose and KGJ provided]. | **Incomplete.** Respondents have not provided the information for the other related business entities and have not provided the DEA numbers as requested. The Government is aware of other pharmacy locations owned/operated by Respondents that billed Medicare. Additionally, for KGJ Enterprises, the response says the Medicare number is "to be provided." |
| 4 | Identify all current and former SimfaRose executives, management personnel, and employees, indicate whether current or former, as well as titles, dates of employment, any available contact information, and social security numbers. | SimfaRose objects to this interrogatory on the grounds that it is overbroad, not limited in time or scope, irrelevant, vague, seeks information that is already in the Government's possession (as acknowledged by the False Claims Custodian during her recent interview a former employee), is duplicative of request number 10 in the administrative subpoena dated September 7, 2017 issued by the United States Attorney's Office, and | **Incomplete.** Respondents refer to a list of employees provided to the District of New Jersey in 2017 that would clearly be outdated. While the Government has been able to obtain copies of documents from the District of New Jersey, specific documents referenced by Respondents are not easily identifiable due to lack of organization of the documents produced to the District of New Jersey.<br>In its responses to CID 2021-SP-DMR/INT-01, Respondents provided only contact information for their own attorneys, when |

| | | calls for confidential and personal information that is protected from disclosure by constitutional, statutory and/or common law privacy rights. Subject to and without waiving or limiting the foregoing objections, the Government is referred to the list of employees who currently work at SimfaRose Pharmacy in Pembroke Pines, Florida produced herein to the extent it may be responsive to this interrogatory:<br>The contact information for these employees is SimfaRose Pharmacy c/o of John A. Tartaglia, III, Esq. and Andrea L. Wolfson, Esq., 461 Westchester Avenue, Port Chester, New York 10573, Telephone (914) 391-3111.<br>SimfaRose also refers the Government to the list of employees provided to the United States Attorney's Office on November 27, 2017 in response to its subpoena dated September 7, 2017 to the extent it is responsive to this interrogatory. | the interrogatory asks for current *and* former employees, titles, dates of employment, as well as social security numbers and any other contact information available. Respondents also refer to a "list of employees who currently work at SimfaRose Pharmacy in Pembroke Pines, Florida produced herein," but the Government is unclear as to which list Respondents are referencing.<br>The Government notes that Respondents incorrectly represent that the "False Claims Custodian" somehow "acknowledged" their objections during an interview of a former employee that Respondents did not attend. |
| **5** | Identify any and all licenses or legal authorities SimfaRose relies on to dispense pharmacy products by mail. | SimfaRose objects to this interrogatory on the grounds that it is overbroad, irrelevant, and vague. Subject to and without waiving or limiting the foregoing objections, SimfaRose is authorized to dispense prescription drugs via mail by pharmacy licenses issued by Indiana, | **Incomplete**. Respondents did not provide sufficient information to identify the licenses or legal authorities relied upon, such as, for example, the appropriate licensing authority within the state, the type of license, or the license number. Nor did Respondents provide a complete list of the states where they have licenses. |

| | | | |
|---|---|---|---|
| | | Louisiana, South Carolina, Georga [sic], Illinois, among other states. SimfaRose reserves and preserves the right to supplement his response to this interrogatory with any new or additional information or documents obtained during the course of ongoing discovery and investigation. | |
| 6 | Describe Your document retention and destruction policies in effect during the Relevant Time Period. | SimfaRose objects to this interrogatory on the grounds that it is irrelevant and overbroad. Subject to and without waiving or limiting the foregoing objections, SimfaRose retains documents that are subject to specific record keeping or retention requirements imposed by applicable federal or state laws such as prescriptions in accordance with the requirements of those laws. With respect to all other documents, SimfaRose is unaware of any retention or destruction policy in effect during the Relevant Time Period. SimfaRose reserves and preserves the right to supplement his response to this interrogatory with any new or additional information or documents obtained during the course of ongoing discovery and investigation. | **Incomplete.** Respondents provided a vague answer that did not indicate what laws or requirements Respondents adhere to or how long the documents are retained. |
| 7 | Identify the name, address, telephone numbers, and point of contact for all wholesalers, manufacturers, or suppliers from whom You purchased products | "SimfaRose objects to this interrogatory on the grounds that it is unduly burdensome, overbroad, and irrelevant. | **Incomplete.** Respondents only provided names of some of the wholesalers used, in some cases providing nothing more than an acronym. No addresses, telephone numbers, or points of contact were provided. |

| | | | |
|---|---|---|---|
| | dispensed at SimfaRose during the Relevant Time Period. List all products You purchased from each wholesaler, manufacturer, or supplier during the Relevant Time Period. | Subject to and without waiving or limiting the foregoing objections, and in accordance with the Government's agreements regarding the scope of this interrogatory and the information to be provided in response to it as set forth in the correspondence between SimfaRose's counsel and the False Claims Act Custodian dated March 31, 2021, May 28, 2021, June 25, 2021, June 30, 2021, and July 2, 2021, prescription drugs were purchased by or on behalf of SimfaRose Pharmacy from January 1, 2015 to the present from the following: McKesson, Parmed, Cardinal, Amerisource Bergen, Anda, ASD, BDI, BioSolutions, DepoMed, Genentech, Bazter, Messe Medical, IAA, Metro Medical, MSD, PCCA, Mission Pharmacal, H.D. Smith, Fresenius Kabi, KRS Global, and Smith Drug. SimfaRose reserves and preserves the right to supplement his response to this interrogatory with any new or additional information or documents obtained during the course of ongoing discovery and investigation."

On July 15, 2021, Respondents further objected to Interrogatory 7, stating that even after the Government's agreement to revise | After discussion with defense counsel, the Government agreed to revise the interrogatory as follows: **Identify the name, address, telephone numbers, and point of contact for all wholesalers, manufacturers, or suppliers from whom You purchased [*or returned/sold back*] [*prescription drug products*] dispensed at SimfaRose during the Relevant Time Period.** ~~List all products You purchased from each wholesaler, manufacturer, or supplier during the Relevant Time Period.~~

Despite the Government's accommodation and revision of the interrogatory, Respondents still have not provided any further responses to the interrogatory. Respondents' assertion that the information is publicly available and in the Government's possession is incorrect. |

| | | the request, the interrogatory remained "absurdly overbroad." Respondents also asked "what you mean by 'point of contact,'" and objected that "[t]he rest of the information sought by this interrogatory is publicly available and already in the government's possession, custody, or control." | |
|---|---|---|---|
| **8** | Have you ever been referred to a state licensing board for any reason? If so, please describe, including:<br>a) Date of referral<br>b) Stated reason for referral<br>c) Who made the referral<br>d) Result or outcome of referral | SimfaRose objects to this interrogatory on the grounds that it is overbroad, too indefinite, vague, and irrelevant.<br>Subject to and without waiving or limiting the foregoing objections, SimfaRose has never been referred to a state licensing board for any disciplinary reason. | **Complete.** |
| **9** | List all remuneration You have received from any prescription drug manufacturer, distributor, or wholesaler; laboratory, medical practice, physician/group, or health care professional, and for each item list:<br>a) Payor<br>b) Primary contact at payor<br>c) Item (e .g., payment, meal, entertainment event, check)<br>d) Actual or estimated dollar value<br>e) Date | SimfaRose objects to this interrogatory on the grounds that it seeks *ex parte* civil discovery, via the March 2021 CID, of information related to and/or substantially the same, if not virtually identical, as the fraud allegations, transactions, and events upon which the prior *qui tam* action entitled Jane Doe v. Prostrakan, et al. (Case No. 14-5868 or 3:14-cv-5865), that was filed against SimfaRose and others in or around September 2014 and is currently pending in the United States District Court for the District | **Incomplete.**<br>• Respondents have not provided any list of remuneration as requested by this interrogatory.<br>• See also Government's response to Respondents' objections to Document Request 5, which corresponds to Interrogatory 9. |

| | | |
|---|---|---|
| | f) Location<br>g) Agreement(s), if any, specifying terms of payment<br>h) Services performed by You<br>i) Type of event, if any (e.g., promotional speaking event)<br>j) List of attendees, participants | of New Jersey, is based. Furthermore, the CID was issued *after* the Government made its election regarding whether to intervene in this case. Therefore, the Government lacks the authority to issue the CID and it, including this interrogatory, is barred by 31 U.S.C. § 3733(a)(1) (citations omitted; cited in Respondents' objections at Exhibit D).<br>SimfaRose also objects to this interrogatory on the grounds that it is irrelevant, vexatious, harassing, propounded for an illegitimate purpose, seeks information and documents that are already that are already in the Government's possession, and is duplicative of requests contained in previous subpoenas issued by the United States Attorney's Office in connection with its lengthy investigation of SimfaRose prompted by the above referenced *qui tam* action (citations omitted; cited in Respondents' objections at Exhibit D).<br>Subject to and without waiving or limiting the foregoing objections, SimfaRose refers the Government to the contracts produced herein and the documents previously produced to the United States Attorney's Office, including the documents produced on | |

| | | May 5, 2017 in response to its administrative subpoena dated March 15, 2017 and the documents produced to the United States Attorney's Office in response to its administrative subpoena dated September 7, 2017, and the additional contracts produced herein to the extent they are responsive to this interrogatory. SimfaRose reserves and preserves the right to supplement his response to this interrogatory with any new or additional information or documents obtained during the course of ongoing discovery and investigation. | |
|---|---|---|---|
| **10** | Describe Your opioid prescribing/ dispensing policies and practices, including but not limited to policies regarding: a) Compliance with any REMS program b) Compliance with the Controlled Substances Act c) Compliance with prescription drug monitoring programs d) Prescription compliance monitoring, such as urine drug testing and use of prescription drug monitoring program data | SimfaRose objects to this interrogatory on the grounds that it is overly broad, vague, and irrelevant. Subject to and without waiving or limiting the foregoing objections, and subject to the False Claims Act custodian's email of July 2, 2021 regarding the scope of this interrogatory, SimfaRose does not prescribe opioids. It is SimfaRose's policy and practice to dispense opioid prescription drugs in accordance with the requirements of all applicable federal and state laws and regulations. SimfaRose refers the Government to the documents produced herein to the extent they are responsive to this interrogatory. | **Incomplete.** Respondents did not describe their dispensing practices as requested by the interrogatory, other than vaguely stating that they "dispense opioid prescription drugs in accordance with the requirements of all applicable federal and state laws and regulations." The description provided is inadequate. Respondents refer the Government to "documents produced herein," but the Government cannot determine which documents are being referenced. |

| | | | |
|---|---|---|---|
| | | SimfaRose reserves and preserves the right to supplement his response to this interrogatory with any new or additional information or documents obtained during the course of ongoing discovery and investigation. | |
| **11** | Identify all investigations, audits, or inquiries into your prescribing/ dispensing, including:<br>a) Investigating entity<br>b) Time period<br>c) Patients or drugs under investigation<br>d) Points of contact at investigating entity<br>e) Resolution | SimfaRose objects to this interrogatory on the grounds that it is overly broad, not limited in time or scope, not limited to federal healthcare programs, irrelevant, too indefinite, and vague. | **Incomplete**. Respondents did not identify or list the investigations, audits, or inquiries as requested. |
| | | | |