# EXHIBIT D

| | |
|---|---|
| **From:** | John T |
| **To:** | Schild, Clarissa (USAFLS) |
| **Cc:** | Andrea Wolfson |
| **Subject:** | CID Issued to SimfaRose Pharmaceutical Specialty, Inc. |
| **Date:** | Monday, July 12, 2021 4:58:22 PM |
| **Attachments:** | SimfaRoses Objections and Responses to the CID (Courtesy Copy).pdf |

Dear Clarissa:

Attached please find a courtesy copy of SimfaRose's objections and responses to the CID's interrogatories and document requests for which you responses by today in your letter dated June 25, 2021.  These objections and responses along with the responsive documents and a certification are being mailed to you.

As discussed during our telephone conference during the afternoon of Friday July 9, 2021, in response to request number 2, SimfaRose will provide copies of the QS/1 documents for as many of the twenty nine (29) patients in Table A as possible by the close of business today. Under separate cover I will provide you with copies of these documents shortly as per our discussion.

John Tartaglia

--

**The Law Offices of John A. Tartaglia, III**

**461 Westchester Avenue**
**Port Chester, New York 10573**
**Telephone: (914) 391-3111**

**SIMFAROSE PHARMACEUTICAL SPECIALTY, INC.'S RESPONSES AND OBJECTIONS TO THE CIVIL INVESTIGATIVE ISSUED BY THE UNITED STATES ATTORNEY'S OFFICE FOR THE SOUTHERN DISTRICT OF FLORIDA**

SIMFAROSE PHARMACEUTICAL SPECIALTY, INC., (hereinafter referred to as "SimfaRose") by and through its counsel, as and for its response to the Civil Investigative Demand, CID No. 2021-P-DMR/INT-01, (hereinafter referred to as the "CID") issued by the United States Attorney's Office for the Southern District of Florida (hereinafter referred to as the "Government" or the "Issuing Agency"), states as follows:

**PRELIMINARY STATEMENT**

SimfaRose's investigation of the facts and circumstances relating to the CID is ongoing. These responses and objections are based on SimfaRose's diligent and best efforts to respond to the CID based upon the investigation carried out to date with respect to the facts relevant to this matter. There may exist further information or documents responsive to the CID that is not within SimfaRose's present knowledge or reasonably available to SimfaRose. There may be information or documents relating to the subject matter of the CID's document requests and interrogatories, which SimfaRose has not located, identified or reviewed, despite its best efforts to do so. Accordingly, these responses and objections are based solely upon facts, information, and documents presently known and available to SimfaRose and these responses and objections do not constitute an admission or representation that additional facts, documents or persons with knowledge relevant to the subject matter of the CID do not exist.

These objections and responses are also based upon the clarifications provided by the False Claims Act Custodian, the Custodian's agreements to limit the scope of certain requests and interrogatories, and the Custodian's decisions and directions with respect to the time by which to respond to certain requests and interrogatories.

1

In the course of its ongoing investigation, SimfaRose may discover additional facts or documents relevant to the subject matter of the CID. Without in any manner obligating itself to do so, SimfaRose reserves the right to alter, supplement, amend or otherwise modify these responses and/or the documents produced in response to the CID at any time and these responses and objections, and the documents produced, are provided without prejudice to, and are not a waiver of, SimfaRose's right to do so.

SimfaRose makes the responses and objections herein without in any way implying that it considers the CID or any of its document requests or interrogatories and the responses to the same, to be legitimate, authorized, relevant or material or otherwise subject to discovery or investigation.

SimfaRose will produce responsive documents only to the extent that such documents are in its possession, custody, or control. SimfaRose's possession, custody, or control does not include any constructive possession that may be conferred by SimfaRose's right or power to compel the production of documents or information from third parties and to the extent any documents or information that is in the possession of any third party is produced in response to any interrogatory or request this shall not be deemed an admission that any such documents are responsive or that SimfaRose has assumed any obligation with respect to information or documents within the possession of third parties.

SimfaRose reserves and preserves the right to supplement, clarify, revise, modify, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

## **GENERAL OBJECTIONS**

Each response and objection provided by SimfaRose in response to the CID is subject to the following General Objections and Reservations, each of which are hereby incorporated into each of SimfaRose's responses.

1.      SimfaRose objects to the CID to the extent it calls for documents, responses or information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privileges.  Should any such disclosure occur, it is inadvertent and shall not constitute a waiver of any privilege.

2.      SimfaRose objects to the CID to the extent it calls for documents, responses or information containing privileged, proprietary and/or confidential business or financial information or trade secrets.

3.      SimfaRose objects to the CID to the extent it calls for documents, responses or information that violate any constitutional, statutory or common law privacy rights of SimfaRose or any other persons.

4.      SimfaRose objects to the CID to the extent it is not reasonably limited in time or scope, is unduly burdensome, cumulative, duplicative, too indefinite, overbroad, not sufficiently specific, fails to identify the information or documents sought with reasonable particularity, vague, ambiguous, to the extent the disclosure sought would be unreasonable and/or compliance with the CID would be unreasonable or oppressive, and to the extent it seeks documents or information that is already in the Government's possession, is publicly available, or is readily or more accessible to the Government.

5.      As used herein, all objections as to relevancy shall include, but not be limited to, an objection that the information requested is not reasonably relevant to a legitimate authorized

inquiry or material to the appropriate subject matter of an investigation authorized under the False Claims Act.

Nothing herein shall be construed as an admission by SimfaRose with respect to the admissibility or relevance of any fact or document or that the investigation that the Government is conducting is legitimate or authorized.

6.      SimfaRose objects to the CID to the extent the Government has failed to follow necessary administrative steps in issuing it and to the extent the CID was issued for an improper purpose, including an unauthorized fishing expedition.

7.      SimfaRose objects to the CID to the extent it is not within the authority of the Issuing Agency.

8.      SimfaRose objects to the CID to the extent that it was issued after the Government commenced a civil proceeding under 31 U.S.C. § 3730(a).  SimfaRose also objects to the CID on the grounds that it was issued after the Government elected to intervene in the *qui tam* action filed in or around September of 2014 in the United States District Court for the District of New Jersey entitled Jane Doe v. Prostrakan and SimfaRose Pharmacy, et al. (Case No. 14-5868), which is based upon the same fraud allegations that are purportedly being investigated by the CID, and after the Government conducted a lengthy and thorough investigation into these allegations and others and elected not to intervene as against SimfaRose.  Therefore, the Government lacks the authority to issue the CID in whole or in part in accordance with 31 U.S.C. § 3733(a)(1).

9.      SimfaRose objects to the CID on the grounds that it was not properly served.

10.     SimfaRose objects to the CID to the extent it purports to impose any requirement or discovery obligation greater than or different from those under applicable law, including the Government's instructions and proposed certification.

11.     SimfaRose objects to the CID on the grounds that it calls for the production or identification of confidential, sensitive and protected health information and like matter protected from disclosure or, if disclosure is required, should be controlled by a strict protective order.  See, 31 U.S.C. § 3733(b)(1).

12.     SimfaRose objects to the CID pursuant to 31 U.S.C. § 3733(a) to the extent that the Attorney General did not delegate the authority to issue it to the United States Attorney who signed and issued the CID.

13.     SimfaRose objects to the CID on the grounds that it is duplicative of prior subpoenas issued by the Department of Justice and seeks documents and information that SimfaRose previously provided to the Department of Justice in response to these subpoenas and other discovery devices and demands issued by the Government and other governmental agencies that SimfaRose has already responded to.

14.     SimfaRose objects to the CID to the extent it does not state and/or does not sufficiently state the nature of the conduct constituting the alleged violation of a false claims law which is under investigation as required by 31 U.S.C. § 3733(a)(2)(A).

15.     SimfaRose objects to the CID to the extent it was issued in connection with a *qui tam* suit that is barred by the False Claims Act's first-to-file provision.  31 U.S.C. § 3730(b)(5).

16.     SimfaRose objects to the CID's time period (i.e., January 1, 2015 to the present) on the grounds that it is overbroad, unduly burdensome, and irrelevant.

17.     SimfaRose objects to the CID on the grounds that it is not limited to federal healthcare programs.

18.     SimfaRose asserts all available objections to the CID's interrogatories and document requests under the Federal Rules of Civil Procedure.

## OBJECTIONS TO THE GOVERNMENT'S INSTRUCTIONS, DATA SPECIFICATIONS, AND DEFINITIONS

SimfaRose hereby repeats, reasserts, and incorporates by reference each and every one of the foregoing General Objections and Reservations as its objections to the CID's instructions, data specifications, and definitions.  SimfaRose also objects to the CID's instructions and data specifications to the extent that they purport to impose requirements that are not authorized by applicable law.  SimfaRose reserves and preserves the right to a supplement, clarify, revise, modify such objections and to assert additional objections to the CID's instructions, data specifications, and definitions.

## OBJECTIONS TO THE GOVERNMENT'S PROPOSED DECLARATION OF COMPLIANCE

SimfaRose hereby repeats, reasserts, and incorporates by reference each and every one of the foregoing General Objections and Reservations as its objections to the CID's proposed declaration of compliance.  SimfaRose also objects to the CID's proposed declaration of compliance to the extent that they purport to impose requirements that are not authorized by applicable law.

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

Describe the ownership and management structures of SimfaRose, nationally and regionally.  Identify any changes in the ownership and management structures and the date(s) of any such changes.

**RESPONSE:**

SimfaRose objects to this interrogatory on the grounds that it is irrelevant, vague and indefinite, seeks information that is publicly available, and seeks information that is already in the Government's possession or available to it through other government agencies.

Subject to and without waiving or limiting the foregoing objections, SimfaRose Pharmaceutical Specialty, Inc. is owned by SCSC Enterprises, LLC, which is owned and managed by Suzette Bonanno.   SimfaRose Pharmaceutical Specialty, Inc. is managed by its President, Suzette Bonanno, and Charles Bonanno, the Pharmacy Director and pharmacist.

**INTERROGATORY NO. 2:**

Describe SimfaRose's compliance program(s), and identify any individuals with responsibilities related to compliance, nationally and regionally.   Identify any changes in SimfaRose's compliance program(s) and the date(s) of any such changes.

**RESPONSE:**

SimfaRose objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, irrelevant, vague, and seeks confidential, commercially sensitive information and trade secrets protected from disclosure or, if disclosure is required, should be controlled by a strict protective order or confidentiality agreement.  SimfaRose also objects to this interrogatory on the grounds that the purported clarification of its scope that the Government provided on March 30, 2021 as seeking information on "compliance programs" related to "any kind of healthcare compliance" is overbroad, irrelevant, and vague.

Subject to and without waiving or limiting the foregoing objections, SimfaRose's healthcare related compliance programs address such matters as HIPAA, Medicare and Medicaid,

controlled substances, and Fraud Waste and Abuse (FWA), among other things, and its programs include training and education on legal requirements, policies and procedures, standards of conduct, and ethical compliance (FWA training is completed annually through a reputable vendor), policies and procedures to report violations and encourage communication and questions regarding compliance, procedures to respond to and address alleged violations of standards of conduct and compliance expectations and to enforce appropriate disciplinary actions against employees who violate the same, and procedures to monitor compliance and the effectiveness of the programs. SimfaRose refers the Government to the documents produced herein for additional information responsive to this interrogatory.

SimfaRose is an Accreditation Commission for Health Care (ACHC) accredited specialty and compounding pharmacy with an additional distinction in oncology and specialty pharmacy services.  To obtain and maintain these accreditations, SimfaRose has developed and implemented written policies and procedures addressing various ACHC standards.

Charles Bonanno is the compliance officer.

Should the Government agree to clarify and/or narrow the scope of this interrogatory, SimfaRose will review its objections and provide an appropriate supplemental response to this interrogatory to the extent it may be necessary.

SimfaRose also reserves and preserves the right to supplement his response to this interrogatory with any new or additional information or documents obtained during the course of ongoing discovery and investigation.

**INTERROGATORY NO. 3:**

Identify all Medicare provider numbers, Medicaid provider numbers, Tax ID numbers, and DEA numbers used by SimfaRose during the Relevant Time Period, and the dates when each number was used.

**RESPONSE:**

SimfaRose objects to this interrogatory on the grounds that it is irrelevant and seeks information that is already in the Government's possession or available to it through other government agencies.

Subject to and without waiving or limiting the foregoing objections, the following Medicare, Medicaid, and tax ID numbers were used by SimfaRose and KGJ during the six (6) year period preceding the date of these responses and objections:

**SIMFAROSE**

| | |
|---|---|
| Medicare No.: | 606661001 |
| Medicaid No.: | 032339000 |
| Tax ID No.'s: | ██████████ |

**KGJ**

| | |
|---|---|
| Medicare No.: | To be provided |
| Medicaid No.: | 002029800 |
| Tax ID No.'s: | ██████████ |

**INTERROGATORY NO. 4:**

Identify all current and former SimfaRose executives, management personnel, and employees, indicate whether current or former, as well as titles, dates of employment, any available contact information, and social security numbers.

**RESPONSE:**

SimfaRose objects to this interrogatory on the grounds that it is overbroad, not limited in time or scope, irrelevant, vague, seeks information that is already in the Government's possession (as acknowledged by the False Claims Custodian during her recent interview a former employee), is duplicative of request number 10 in the administrative subpoena dated September 7, 2017 issued by the United States Attorney's Office, and calls for confidential and personal information that is protected from disclosure by constitutional, statutory and/or common law privacy rights.

Subject to and without waiving or limiting the foregoing objections, the Government is referred to the list of employees who currently work at SimfaRose Pharmacy in Pembroke Pines, Florida produced herein to the extent it may be responsive to this interrogatory:

The contact information for these employees is SimfaRose Pharmacy c/o of John A. Tartaglia, III, Esq. and Andrea L. Wolfson, Esq., 461 Westchester Avenue, Port Chester, New York 10573, Telephone (914) 391-3111.

SimfaRose also refers the Government to the list of employees provided to the United States Attorney's Office on November 27, 2017 in response to its subpoena dated September 7, 2017 to the extent it is responsive to this interrogatory.

**INTERROGATORY NO 5:**

Identify any and all licenses or legal authorities SimfaRose relies on to dispense products by mail.

**RESPONSE:**

SimfaRose objects to this interrogatory on the grounds that it is overbroad, irrelevant, and vague.

Subject to and without waiving or limiting the foregoing objections, SimfaRose is authorized to dispense prescription drugs via mail by pharmacy licenses issued by Indiana, Louisiana, South Carolina, Georga, Illinois, among other states.

SimfaRose reserves and preserves the right to supplement his response to this interrogatory with any new or additional information or documents obtained during the course of ongoing discovery and investigation.

**INTERROGATORY NO. 6:**

Describe your document retention and destruction policies in effect during the Relevant Time Period.

**RESPONSE:**

SimfaRose objects to this interrogatory on the grounds that it is irrelevant and overbroad.

Subject to and without waiving or limiting the foregoing objections, SimfaRose retains documents that are subject to specific record keeping or retention requirements imposed by applicable federal or state laws such as prescriptions in accordance with the requirements of those laws.  With respect to all other documents, SimfaRose is unaware of any retention or destruction policy in effect during the Relevant Time Period.

SimfaRose reserves and preserves the right to supplement his response to this interrogatory with any new or additional information or documents obtained during the course of ongoing discovery and investigation.

**INTERROGATORY NO. 7:**

Identify the name, address, telephone numbers, and point of contact for all wholesalers, manufacturers, or suppliers from whom You purchased products dispensed at SimfaRose during the Relevant Time Period.  List all products You purchased from each wholesaler, manufacturer, or supplier during the Relevant Time Period.

**RESPONSE:**

SimfaRose objects to this interrogatory on the grounds that it is unduly burdensome, overbroad, and irrelevant.

Subject to and without waiving or limiting the foregoing objections, and in accordance with the Government's agreements regarding the scope of this interrogatory and the information to be provided in response to it as set forth in the correspondence between SimfaRose's counsel and the False Claims Act Custodian dated March 31, 2021, May 28, 2021, June 25, 2021, June 30, 2021, and July 2, 2021, prescription drugs were purchased by or on behalf of SimfaRose Pharmacy from January 1, 2015 to the present from the following: McKesson, Parmed, Cardinal, Amerisource Bergen, Anda, ASD, BDI, BioSolutions, DepoMed, Genentech, Bazter, Messe Medical, IAA, Metro Medical, MSD, PCCA, Mission Pharmacal, H.D. Smith, Fresenius Kabi, KRS Global, and Smith Drug.

SimfaRose reserves and preserves the right to supplement his response to this interrogatory with any new or additional information or documents obtained during the course of ongoing discovery and investigation.

**INTERROGATORY NO. 8:**

Have you ever been referred to a state licensing board for any reason?  If so, please describe, including:

a) Date of referral
b) Stated reason for referral
c) Who made the referral
d) Result of outcome of referral[.]

**RESPONSE:**

SimfaRose objects to this interrogatory on the grounds that it is overbroad, too indefinite, vague, and irrelevant.

Subject to and without waiving or limiting the foregoing objections, SimfaRose has never been referred to a state licensing board for any disciplinary reason.

**INTERROGATORY NO. 9:**

List all remuneration You have received from any prescription drug manufacturer, distributor, or wholesaler; laboratory, medical practice, physician/group, or health care professional, and for each item list:

a) Payor
b) Primary contact at payor
c) Item (e.g., payment, meal, entertainment event, check)
d) Actual or estimated dollar value
e) Date
f) Location
g) Agreement(s), if any, specifying terms of payment
h) Services performed by You
i) Type of event, if any (e.g., promotional speaking event)
j) List of attendees, participants[.]

**RESPONSE:**

SimfaRose objects to this interrogatory on the grounds that it seeks *ex parte* civil discovery, via the March 2021 CID, of information related to and/or substantially the same, if not virtually identical, as the fraud allegations, transactions, and events upon which the prior *qui tam* action entitled Jane Doe v. Prostrakan, et al. (Case No. 14-5868 or 3:14-cv-5865), that was filed against SimfaRose and others in or around September 2014 and is currently pending in the United States District Court for the District of New Jersey, is based.  Furthermore, the CID was issued ***after*** the Government made its election regarding whether to intervene in this case.   Therefore, the Government lacks the authority to issue the CID and it, including this interrogatory, is barred by 31 U.S.C. § 3733(a)(1).  See e.g., Avco Corp. v. U.S. Dept. of Justice, 884 F.2d 621, 623-24 (D.C. Cir. 1989); U.S. v. Belcher Pharmaceuticals, LLC, No. 8:15-cv-444-T-33TGW, 2020 WL 1677335 at *1 (M.D. Fla. April 6, 2020); U.S. v. Cross Senior Care, Inc., LLC, No. 8:19-mc-8-T-33TGW, 2019 WL 11502849 at *1, *1-*4 (M.D. Fla. Nov. 6, 2019); U.S. v. Picetti, No. 2:19-cv-00049 KJM AC, 2019 WL 1895057 at *1, *3-*5 (E.D. Pa. April 29, 2019) (government lacks authority to issue a CID where it has commenced a civil proceeding under section 3730(a) or made an election to intervene under section 3730(b)); In re Civil Investigative Demands 18-13-EDKY, No. 5:18-cv-00283-JMH (Docs. 1-7), E.D.K.Y.; In re Civil Investigative Demand 15-439, No. 5:16-mc-3, 2016 WL 4275853 at *1, *3-*6 (W.D. Va. Aug. 12, 2016); U.S. v. Kernan Hosp., No. RDB-2961, 2012 WL 5879133 at *1, *2-*5 (D. Md. Nov. 20, 2012).

SimfaRose also objects to this interrogatory on the grounds that it is irrelevant, vexatious, harassing, propounded for an illegitimate purpose, seeks information and documents that are already that are already in the Government's possession, and is duplicative of requests contained in previous subpoenas issued by the United States Attorney's Office in connection with its lengthy investigation of SimfaRose prompted by the above referenced *qui tam* action.  See, U.S. v. Powell,

379 U.S. 48, 57-58 (1964); <u>Doe v. United States</u>, 253 F.3d 256, 265 (6th Cir. 2001); <u>U.S. v. Fresenius Med. Care Holdings, Inc.</u>, No. 3:20-cv-00158, 2020 WL 39546647 at *1, *4 (M.D. Tenn. July 6, 2020) (government agreed to withdraw demands in administrative subpoena that were already in its possession having been produced by the respondent in response to prior subpoenas); <u>In re Civil Investigative Demand 15-439</u>, 2016 WL 4275853 at *7-*8.

Subject to and without waiving or limiting the foregoing objections, SimfaRose refers the Government to the contracts produced herein and the documents previously produced to the United States Attorney's Office, including the documents produced on May 5, 2017 in response to its administrative subpoena dated March 15, 2017 and the documents produced to the United States Attorney's Office in response to its administrative subpoena dated September 7, 2017, and the additional contracts produced herein to the extent they are responsive to this interrogatory.

SimfaRose reserves and preserves the right to supplement his response to this interrogatory with any new or additional information or documents obtained during the course of ongoing discovery and investigation.

**INTERROGATORY NO. 10:**

Describe Your opioid prescribing/dispensing policies and practices, including but not limited to policies regarding:

a) Compliance with any REMS program
b) Compliance with the Controlled Substances Act
c) Compliance with prescription drug monitoring programs
d) Prescription compliance monitoring, such as urine drug testing and use of prescription drug monitoring program data[.]

**RESPONSE:**

SimfaRose objects to this interrogatory on the grounds that it is overly broad, vague, and irrelevant.

Subject to and without waiving or limiting the foregoing objections, and subject to the False Claims Act custodian's email of July 2, 2021 regarding the scope of this interrogatory, SimfaRose does not prescribe opioids.  It is SimfaRose's policy and practice to dispense opioid prescription drugs in accordance with the requirements of all applicable federal and state laws and regulations.  SimfaRose refers the Government to the documents produced herein to the extent they are responsive to this interrogatory.

SimfaRose reserves and preserves the right to supplement his response to this interrogatory with any new or additional information or documents obtained during the course of ongoing discovery and investigation.


**INTERROGATORY NO. 11:**

Identify all investigations, audits, or inquiries into your prescribing/dispensing, including:

a)  Investigating entity
b)  Time period
c)  Patients or drugs under investigation
d)  Points of contact at investigating entity
e)  Resolution[.]

**RESPONSE:**

SimfaRose objects to this interrogatory on the grounds that it is overly broad, not limited in time or scope, not limited to federal healthcare programs, irrelevant, too indefinite, and vague.

**OBJECTIONS AND RESPONSES TO DOCUMENTARY MATERIAL REQUESTS**

**REQUEST NO. 1:**

Provide all documents related to your response to Interrogatory 1, including all organization charges for any part of the Relevant Time Period.

**RESPONSE:**

SimfaRose objects to this request on the grounds that it is irrelevant, vague, and too indefinite.

Subject to and without waiving or limiting the foregoing objections, SimfaRose is currently unaware of any documents in its possession that are responsive to this request.

SimfaRose reserves and preserves the right to supplement his response to this request with any new or additional information or documents obtained during the course of ongoing discovery and investigation.

**REQUEST NO. 2:**

All documents, including but not limited to medical records, prescription data or history, patient profile information (complete prescription histories at Your pharmacy), and claims information related to the patients in Table A, attached.

**RESPONSE:**

SimfaRose objects to this request on the grounds that it is irrelevant, overbroad, duplicative of prior subpoenas and/or related demands, and seeks documents that are already in the Government's possession or as equally available to the Government.

Subject to and without waiving or limiting the foregoing objections, SimfaRose refers the Government to the documents produced herein.

SimfaRose reserves and preserves the right to supplement his response to this request with any new or additional information or documents obtained during the course of ongoing discovery and investigation.

**REQUEST NO. 3:**

Complete client file.

**RESPONSE:**

SimfaRose objects to this request on the grounds that it is vague, too indefinite, overbroad and irrelevant.

**REQUEST NO. 4:**

All documents related to any agreements, arrangements, or relationships (including any investment or ownership interests), whether written or unwritten, formal or informal, between You and any prescription drug manufacturer, distributor, supplier, or wholesaler, laboratory, medical practice, physician/group, or health care professional, including all related records, communications, and agreements.

**RESPONSE:**

SimfaRose objects to this request on the grounds that it seeks *ex parte* civil discovery, via the March 2021 CID, of information and documents related to and/or substantially the same, if not virtually identical, as the fraud allegations, transactions, and events upon which the prior *qui tam* action entitled Jane Doe v. Prostrakan, et al. (Case No. 14-5868 or 3:14-cv-5865), that was filed against SimfaRose and others in or around September 2014 and is currently pending in the United States District Court for the District of New Jersey, is based.  Furthermore, the CID was issued

*after* the Government made its election regarding whether to intervene in this case. Therefore, the Government lacks the authority to issue the CID and it, including this interrogatory, is barred by 31 U.S.C. § 3733(a)(1). See e.g., Avco Corp. v. U.S. Dept. of Justice, 884 F.2d 621, 623-24 (D.C. Cir. 1989); U.S. v. Belcher Pharmaceuticals, LLC, No. 8:15-cv-444-T-33TGW, 2020 WL 1677345 at *1 (M.D. Fla. April 6, 2020); U.S. v. Cross Senior Care, Inc., LLC, No. 8:19-mc-8-T-33TGW, 2019 WL 11502849 at *1, *1-*4 (M.D. Fla. Nov. 6, 2019); U.S. v. Picetti, No. 2:19-cv-00049 KJM AC, 2019 WL 1895057 at *1, *3-*5 (E.D. Pa. April 29, 2019) (government lacks authority to issue a CID where it has commenced a civil proceeding under section 3730(a) or made an election to intervene under section 3730(b)); In re Civil Investigative Demands 18-13-EDKY, No. 5:18-cv-00283-JMH (Docs. 1-7), E.D.K.Y.; In re Civil Investigative Demand 15-439, No. 5:16-mc-3, 2016 WL 4275853 at *1, *3-*6 (W.D. Va. Aug. 12, 2016); U.S. v. Kernan Hosp., No. RDB-2961, 2012 WL 5879133 at *1, *2-*5 (D. Md. Nov. 20, 2012).

SimfaRose also objects to this request on the grounds that it is overly broad, unduly burdensome, irrelevant, vexatious, harassing, propounded for an illegitimate purpose, seeks information and documents that are already that are already in the Government's possession, and is duplicative of requests contained in previous subpoenas issued by the United States Attorney's Office in connection with its lengthy investigation of SimfaRose prompted by the above referenced *qui tam* action. See, U.S. v. Powell, 379 U.S. 48, 57-58 (1964); Doe v. United States, 253 F.3d 256, 265 (6th Cir. 2001); U.S. v. Fresenius Med. Care Holdings, Inc., No. 3:20-cv-00158, 2020 WL 39546647 at *1, *4 (M.D. Tenn. July 6, 2020) (government agreed to withdraw demands in administrative subpoena that were already in its possession having been produced by the respondent in response to prior subpoenas); In re Civil Investigative Demand 15-439, 2016 WL 4275853 at *7-*8.

19

Subject to and without waiving or limiting the foregoing objections, SimfaRose refers the Government to the documents previously produced to the United States Attorney's Office on May 5, 2017 in response to its administrative subpoena dated March 15, 2017 and the documents produced to the United States Attorney's Office in response to its administrative subpoena dated September 7, 2017.  SimfaRose also refers the Government to the additional contracts produced herein.

SimfaRose reserves and preserves the right to supplement his response to this request with any new or additional information or documents obtained during the course of ongoing discovery and investigation.


**REQUEST NO. 5:**

All documents related to any remuneration offered/provided to You by any prescription drug manufacturer, distributor, or wholesaler; laboratory, medical practice, physician/group, or health care professional, including all related, records, communications, and agreements.

**RESPONSE:**

SimfaRose objects to this request on the grounds that it seeks *ex parte* civil discovery, via the March 2021 CID, of information and documents related to and/or substantially the same, if not virtually identical, as the fraud allegations, transactions, and events upon which the prior *qui tam* action entitled Jane Doe v. Prostrakan, et al. (Case No. 14-5868 or 3:14-cv-5865), that was filed against SimfaRose and others in or around September 2014 and is currently pending in the United States District Court for the District of New Jersey, is based.  Furthermore, the CID was issued ***after*** the Government made its election regarding whether to intervene in this case.  Therefore, the Government lacks the authority to issue the CID and it, including this interrogatory, is barred by

20

31 U.S.C. § 3733(a)(1).  See e.g., Avco Corp. v. U.S. Dept. of Justice, 884 F.2d 621, 623-24 (D.C. Cir. 1989); U.S. v. Belcher Pharmaceuticals, LLC, No. 8:15-cv-444-T-33TGW, 2020 WL 1677335 at *1 (M.D. Fla. April 6, 2020); U.S. v. Cross Senior Care, Inc., LLC, No. 8:19-mc-8-T-33TGW, 2019 WL 11502849 at *1, *1-*4 (M.D. Fla. Nov. 6, 2019); U.S. v. Picetti, No. 2:19-cv-00049 KJM AC, 2019 WL 1895057 at *1, *3-*5 (E.D. Pa. April 29, 2019) (government lacks authority to issue a CID where it has commenced a civil proceeding under section 3730(a) or made an election to intervene under section 3730(b)); In re Civil Investigative Demands 18-13-EDKY, No. 5:18-cv-00283-JMH (Docs. 1-7), E.D.K.Y.; In re Civil Investigative Demand 15-439, No. 5:16-mc-3, 2016 WL 4275853 at *1, *3-*6 (W.D. Va. Aug. 12, 2016); U.S. v. Kernan Hosp., No. RDB-2961, 2012 WL 5879133 at *1, *2-*5 (D. Md. Nov. 20, 2012).

SimfaRose also objects to this request on the grounds that it is irrelevant, vexatious, harassing, propounded for an illegitimate purpose, seeks information and documents that are already that are already in the Government's possession, and is duplicative of requests contained in previous subpoenas issued by the United States Attorney's Office in connection with its lengthy investigation of SimfaRose prompted by the above referenced *qui tam* action.  See, U.S. v. Powell, 379 U.S. 48, 57-58 (1964); Doe v. United States, 253 F.3d 256, 265 (6th Cir. 2001); U.S. v. Fresenius Med. Care Holdings, Inc., No. 3:20-cv-00158, 2020 WL 39546647 at *1, *4 (M.D. Tenn. July 6, 2020) (government agreed to withdraw demands in administrative subpoena that were already in its possession having been produced by the respondent in response to prior subpoenas); In re Civil Investigative Demand 15-439, 2016 WL 4275853 at *7-*8.

Subject to and without waiving or limiting the foregoing objections, SimfaRose refers the Government to the documents previously produced to the United States Attorney's Office on May 5, 2017 in response to its administrative subpoena dated March 15, 2017 and the documents

produced to the United States Attorney's Office in response to its administrative subpoena dated September 7, 2017.  SimfaRose also refers the Government to the additional contracts produced herein.

SimfaRose reserves and preserves the right to supplement his response to this request with any new or additional information or documents obtained during the course of ongoing discovery and investigation.


**REQUEST NO. 6:**

All documents related to Your opioid prescribing/dispensing policies and practices, including but not limited to policies regarding (1) compliance with any REMS program, (2) compliance with the Controlled Substances Act, (3) compliance with prescription drug monitoring programs, or (4) prescription compliance monitoring, such as urine drug testing and use of prescription drug monitoring program data.

**RESPONSE:**

SimfaRose objects to this request on the grounds that it is irrelevant, overbroad, too indefinite, and vague.

Subject to and without waiving or limiting the foregoing objections, SimfaRose refers the Government to the documents produced herein.

SimfaRose reserves and preserves the right to supplement his response to this request with any new or additional information or documents obtained during the course of ongoing discovery and investigation.

**REQUEST NO. 7:**

All documents and communications related to prescribing by the following providers, including but not limited to communications with the providers about their prescriptions, or internal communications about whether to fill or deny prescriptions from these providers: [PROVIDER LIST OMITTED].

**RESPONSE:**

SimfaRose objects to this request on the grounds that it seeks *ex parte* civil discovery, via the March 2021 CID, of information and documents related to and/or substantially the same, if not virtually identical, as the fraud allegations, transactions, and events upon which the prior *qui tam* action entitled Jane Doe v. Prostrakan, et al. (Case No. 14-5868 or 3:14-cv-5865), that was filed against SimfaRose and others in or around September 2014 and is currently pending in the United States District Court for the District of New Jersey, is based.  Furthermore, the CID was issued **_after_** the Government made its election regarding whether to intervene in this case.  Therefore, the Government lacks the authority to issue the CID and it, including this interrogatory, is barred by 31 U.S.C. § 3733(a)(1).  See e.g., Avco Corp. v. U.S. Dept. of Justice, 884 F.2d 621, 623-24 (D.C. Cir. 1989); U.S. v. Belcher Pharmaceuticals, LLC, No. 8:15-cv-444-T-33TGW, 2020 WL 1677335 at *1 (M.D. Fla. April 6, 2020); U.S. v. Cross Senior Care, Inc., LLC, No. 8:19-mc-8-T-33TGW, 2019 WL 11502849 at *1, *1-*4 (M.D. Fla. Nov. 6, 2019); U.S. v. Picetti, No. 2:19-cv-00049 KJM AC, 2019 WL 1895057 at *1, *3-*5 (E.D. Pa. April 29, 2019) (government lacks authority to issue a CID where it has commenced a civil proceeding under section 3730(a) or made an election to intervene under section 3730(b)); In re Civil Investigative Demands 18-13-EDKY, No. 5:18-cv-00283-JMH (Docs. 1-7), E.D.K.Y.; In re Civil Investigative Demand 15-439, No. 5:16-

mc-3, 2016 WL 4275853 at *1, *3-*6 (W.D. Va. Aug. 12, 2016); U.S. v. Kernan Hosp., No. RDB-2961, 2012 WL 5879133 at *1, *2-*5 (D. Md. Nov. 20, 2012).

SimfaRose also objects to this request on the grounds that it is overly broad, unduly burdensome, irrelevant, vexatious, harassing, propounded for an illegitimate purpose, seeks information and documents that are already that are already in the Government's possession, and is duplicative of requests contained in previous subpoenas issued by the United States Attorney's Office in connection with its lengthy investigation of SimfaRose prompted by the above referenced *qui tam* action. See, U.S. v. Powell, 379 U.S. 48, 57-58 (1964); Doe v. United States, 253 F.3d 256, 265 (6th Cir. 2001); U.S. v. Fresenius Med. Care Holdings, Inc., No. 3:20-cv-00158, 2020 WL 39546647 at *1, *4 (M.D. Tenn. July 6, 2020) (government agreed to withdraw demands in administrative subpoena that were already in its possession having been produced by the respondent in response to prior subpoenas); In re Civil Investigative Demand 15-439, 2016 WL 4275853 at *7-*8.

Subject to and without waiving or limiting the foregoing objections, SimfaRose refers the Government to the documents previously produced to it in response to its administrative subpoenas and similar demands as well as the additional documents produced herein.

SimfaRose reserves and preserves the right to supplement his response to this request with any new or additional information or documents obtained during the course of ongoing discovery and investigation.


**REQUEST NO. 8:**

All documents related to any internal or external investigation, audit, review, or inquiry related to Your prescribing/dispensing practices or to any patient for whom You dispensed

medications including any investigations, audits, review, or inquiries by federal or state regulators or programs (e.g. Medicare, Medicaid, TRICARE, Veterans Affairs, AHCA, etc.), private insurers, opioid distributors, opioid manufacturers, opioid wholesalers, or state licensing boards.

**RESPONSE:**

SimfaRose objects to this request on the grounds that it seeks documents that are already in the Government's possession or which are equally accessible or available to the Government as to SimfaRose, irrelevant, overbroad, and not properly limited in time or scope.

Subject to and without waiving or limiting the foregoing objections, and in accordance with the limitation of this request agreed to by the False Claims Act Custodian, SimfaRose refers the Government to the documents produced herein.

SimfaRose reserves and preserves the right to supplement his response to this request with any new or additional information or documents obtained during the course of ongoing discovery and investigation.


**REQUEST NO. 9:**

All documents related to any adverse event experience by any patient prescribed an opioid by You, including any overdose, complication, or death.

**RESPONSE:**

SimfaRose objects to this request on the grounds that it is irrelevant.

Subject to and without waiving or limiting the foregoing objection, SimfaRose is a pharmacy and does not prescribe any drugs. As such, SimfaRose has no documents responsive to this request.

**REQUEST NO. 10:**

All documents related to prescription drug coverage under any federal or state health care program, including Medicare, Medicaid, TRICARE, Veterans Affairs, the Federal Employee Health Benefits Program, or state or federal workers' compensation programs.

**RESPONSE:**

SimfaRose objects to this request on the grounds that it is vague, too indefinite, overbroad, and irrelevant.

Subject to and without waiving or limiting the foregoing objections, SimfaRose refers the government to the documents produced herein to the extent they are responsive to this request.

SimfaRose reserves and preserves the right to supplement his response to this request with any new or additional information or documents obtained during the course of ongoing discovery and investigation.

**REQUEST NO. 11:**

All documents, including but not limited to all internal and external communications, notes, policies, agreements, all shipment records, all pre-authorizations and requests submitted to insurance for approval, marketing materials, presentations, records of speaking engagements, and meeting minutes, related to all forms/variations of the following prescription drugs: [LIST OF DRUGS OMITTED].

**RESPONSE:**

SimfaRose objects to this request on the grounds that it seeks *ex parte* civil discovery, via the March 2021 CID, of information and documents related to and/or substantially the same, if not virtually identical, as the fraud allegations, transactions, and events upon which the prior *qui tam*

action entitled <u>Jane Doe v. Prostrakan, et al</u>. (Case No. 14-5868 or 3:14-cv-5865), that was filed

against SimfaRose and others in or around September 2014 and is currently pending in the United

States District Court for the District of New Jersey, is based.  Furthermore, the CID was issued

***<u>after</u>*** the Government made its election regarding whether to intervene in this case.  Therefore, the

Government lacks the authority to issue the CID and it, including this interrogatory, is barred by

31 U.S.C. § 3733(a)(1).  <u>See</u> <u>e.g.</u>, <u>Avco Corp. v. U.S. Dept. of Justice</u>, 884 F.2d 621, 623-24 (D.C.

Cir. 1989); <u>U.S. v. Belcher Pharmaceuticals, LLC</u>, No. 8:15-cv-444-T-33TGW, 2020 WL 1677335

at *1 (M.D. Fla. April 6, 2020); <u>U.S. v. Cross Senior Care, Inc., LLC</u>, No. 8:19-mc-8-T-33TGW,

2019 WL 11502849 at *1, *1-*4 (M.D. Fla. Nov. 6, 2019); <u>U.S. v. Picetti</u>, No. 2:19-cv-00049

KJM AC, 2019 WL 1895057 at *1, *3-*5 (E.D. Pa. April 29, 2019) (government lacks authority

to issue a CID where it has commenced a civil proceeding under section 3730(a) or made an

election to intervene under section 3730(b)); <u>In re Civil Investigative Demands 18-13-EDKY</u>, No.

5:18-cv-00283-JMH (Docs. 1-7), E.D.K.Y.; <u>In re Civil Investigative Demand 15-439</u>, No. 5:16-

mc-3, 2016 WL 4275853 at *1, *3-*6 (W.D. Va. Aug. 12, 2016); <u>U.S. v. Kernan Hosp.</u>, No. RDB-

2961, 2012 WL 5879133 at *1, *2-*5 (D. Md. Nov. 20, 2012).

SimfaRose also objects to this request on the grounds that it is overly broad, unduly

burdensome, irrelevant, vexatious, harassing, propounded for an illegitimate purpose, seeks

information and documents that are already that are already in the Government's possession, and

is duplicative of requests contained in previous subpoenas issued by the United States Attorney's

Office in connection with its lengthy investigation of SimfaRose prompted by the above referenced

*qui tam* action.  <u>See</u>, <u>U.S. v. Powell</u>, 379 U.S. 48, 57-58 (1964); <u>Doe v. United States</u>, 253 F.3d

256, 265 (6th Cir. 2001); <u>U.S. v. Fresenius Med. Care Holdings, Inc.</u>, No. 3:20-cv-00158, 2020

WL 39546647 at *1, *4 (M.D. Tenn. July 6, 2020) (government agreed to withdraw demands in

administrative subpoena that were already in its possession having been produced by the respondent in response to prior subpoenas); In re Civil Investigative Demand 15-439, 2016 WL 4275853 at *7-*8.

Subject to and without waiving or limiting the foregoing objections, SimfaRose refers the Government to the documents previously produced to it in response to its administrative subpoenas and similar demands as well as the additional documents produced herein.

SimfaRose reserves and preserves the right to supplement his response to this request with any new or additional information or documents obtained during the course of ongoing discovery and investigation.

**REQUEST NO. 12:**

All documents related to the sale or purchase of medications and products including but not limited to sales invoices and other sales documents. For each purchase by SimfaRose, include the National Drug Code (NDC), product description, total quantity purchased, and returns and back orders.

**RESPONSE:**

SimfaRose objects to this request on the grounds that it is overly broad, not limited in time or scope, too indefinite, and irrelevant.

Dated: Port Chester, New York
       July 12, 2021

                      THE LAW OFFICES OF JOHN A. TARTAGLIA, III

                      By:    _____

                             John A. Tartaglia, III
                             461 Westchester Avenue
                             Port Chester, New York 10573
                             Telephone: (914) 391-3111

                             Wolfson & Konigsburg, P.A.
                             Andrea L. Wolfson, Esq.

To:    Clarissa Schild
      False Claims Act Custodian
      Assistant United States Attorney
      United States Attorney's Office for the Southern District of Florida