# EXHIBIT I

| | |
|---|---|
| **From:** | Schild, Clarissa (USAFLS) |
| **To:** | John T |
| **Cc:** | Andrea Wolfson; Mejia, John A (OIG/OI) |
| **Subject:** | RE: SimfaRose (CID No. 2021-SP-DMR/INT-01) |
| **Date:** | Monday, July 19, 2021 9:29:00 PM |

John,

Although I have been busy the past few days with a litigation deadline in another matter, I wanted to address your renewed questions about the enforceability of our CID.

It took some time for me to get you additional information about the ProStrakan qui tam in New Jersey because that case was still under seal. I had to get information from that office and then ensure I was not violating the seal by sharing information with you. The case came out from under seal last week and that qui tam matter has been dismissed. The United States did not file a False Claims Act complaint against SimfaRose or its owners, nor did it intervene in the qui tam complaint that named SimfaRose and its owners. We are confident that the CID issued by my office is enforceable and continue to move forward.

Additionally, SimfaRose continues to argue that it does not have to provide documents to my office pursuant to our CID because it has provided some of these documents to the District of New Jersey. We disagree under the circumstances presented here. My understanding is that many documents were provided to New Jersey in paper form. It is extremely cumbersome for my office to go through each paper document located in New Jersey, cross reference with our CID, and determine areas of overlap. Your client is the one who understands the areas of overlap. Additionally, I have no way of verifying at this point whether the production to New Jersey was complete, and there is much to suggest that it was not complete, including the fact that your client never certified its responses were complete. I also have not yet been able to verify whether the production to New Jersey complied with instructions on those subpoenas. This is obviously more difficult to do when I am not in possession of the documents. Your client should also have copies of these documents readily available. The requests from New Jersey were also quite different from our requests. We have also offered to assist your client in retrieving documents to alleviate any burden. This is not a complete list of all the reasons we believe your client is in a better position to produce these documents, and my office is not required to compare SimfaRose's production to New Jersey with our CID requests. But this answers your remaining questions on this issue.

Thank you,

**Clarissa Pinheiro Schild**
Assistant United States Attorney
United States Attorney's Office
Southern District of Florida
99 NE 4th Street, Third Floor
Miami, FL 33132
Phone: (305) 961-9310
Email: clarissa.schild@usdoj.gov

**From:** John T <jtartaglia@jatlawoffice.com>
**Sent:** Wednesday, July 7, 2021 8:10 AM
**To:** Schild, Clarissa (USAFLS) <cschild@usa.doj.gov>
**Cc:** John.Mejia@oig.hhs.gov; Andrea@wolkon.net
**Subject:** Re: SimfaRose (CID No. 2021-SP-DMR/INT-01)

Thank you Clarissa.

Please see the following cases relative to the specific arguments, which have been raised from the start.  Avco Corp. v. U.S. Dept. of Justice, 884 F.2d 621, 623-24 (D.C. Cir. 1989); U.S. v. Belcher Pharmaceuticals, LLC, No. 8:15-cv-444-T-33TGW, 2020 WL 1677335 at *1 (M.D. Fla. April 6, 2020); U.S. v. Cross Senior Care, Inc., LLC, No. 8:19-mc-8-T-33TGW, 2019 WL 11502849 at *1, *1-*4 (M.D. Fla. Nov. 6, 2019); U.S. v. Picetti, No. 2:19-cv-00049 KJM AC, 2019 WL 1895057 at *1, *3-*5 (E.D. Pa. April 29, 2019) (government lacks authority to issue a CID where it has commenced a civil proceeding under section 3730(a) or made an election to intervene under section 3730(b)); In re Civil Investigative Demands 18-13-EDKY, No. 5:18-cv-00283-JMH (Docs. 1-7), E.D.K.Y.; In re Civil Investigative Demand 15-439, No. 5:16-mc-3, 2016 WL 4275853 at *1, *3-*6 (W.D. Va. Aug. 12, 2016); U.S. v. Kernan Hosp., No. RDB-2961, 2012 WL 5879133 at *1, *2-*5 (D. Md. Nov. 20, 2012).

Please also address the extent to which your CID (e.g., Interrogatory No. 9 and Requests No. 4, 5, 7, 11, and 12)  is duplicative of the U.S. Attorney's prior subpoenas to SimfaRose (one of which is attached for your convenience) and seeks documents that are already in the government's possession and in fact in its own files based upon SimfaRose's responses to these subpoenas.  Please also review the authorities provided below and advise as to whether you will withdraw, amend, modify, narrow or limit the duplicative demands in the CID accordingly.  This issue is separate and distinct from the arguments based upon the government's election in the prior pending qui tam case.

U.S. v. Powell, 379 U.S. 48, 57-58 (1964); Doe v. United States, 253 F.3d 256, 265 (6th Cir. 2001); U.S. v. Fresenius Med. Care Holdings, Inc., No. 3:20-cv-00158, 2020 WL 39546647 at *1, *4 (M.D. Tenn. July 6, 2020) (government agreed to withdraw demands in administrative subpoena that were already in its possession having been produced by the respondent in response to prior subpoenas); In re Civil Investigative Demand 15-439, 2016 WL 4275853 at *7-*8.