**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 1:22-mc-20422-JEM

UNITED STATES OF AMERICA,

    Petitioner,

v.

SUZETTE BONANNO; CHARLES
BONANNO; and SIMFA ROSE
PHARMACEUTICAL SPECIALTY, INC.
d/b/a SIMFAROSE PHARMACY.

    Respondents.
_____/

**UNITED STATES OF AMERICA'S**
**RESPONSE IN OPPOSITION TO RESPONDENTS'**
**CROSS MOTION FOR PROTECTIVE ORDER [ECF No. 15]**

Petitioner the United States of America (the "Petitioner"), by and through the undersigned counsel, respectfully files this response to Respondents' Notice of Cross Motion [ECF No. 15] (the "Motion for Protective Order" or the "Motion"). The Motion for Protective Order should be denied for several reasons. First, the Court should deny the Motion because Respondents fail to advance, much less establish, "good cause" for a protective order as required by Rule 26(c) of the Federal Rules of Civil Procedure. Second, the Court should deny the Motion because under the Health Oversight and Law Enforcement provisions of the Health Insurance Portability and Accountability Act of 1996 ("HIPPA"), Petitioner is entitled to the information requested through a Civil Investigative Demand ("CID") and may not use the Personal Health Information ("PHI") inappropriately. Third, the Court should deny the Motion because, if Petitioner's investigation results in substantive litigation in this district, the parties may seek to file PHI with a court under

seal pursuant to Local Rule 5.4, or at least may revisit the possibility of a protective order at that time, if litigation on the merits actually commences.

## ARGUMENT

**I.  The Motion Should be Denied Because Respondents Failed to Establish Good Cause for a Rule 26(c) Protective Order.**

Respondents requested that the Court issue a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure [ECF No. 15]. Rule 26(c), however, only permits the issuance of a protective order if "good cause" is shown. Additionally, the U.S. Court of Appeals for the Eleventh Circuit requires that the district courts articulate the reason for granting a protective order in a sufficient manner for appellate review. *Queen v. State Farm Mut. Ins. Co.*, 19-21931-CIV, 2019 WL 3716806, at *2 (S.D. Fla. Aug. 7, 2019) *citing McCarthy v. Barnett Bank of Polk Cty.*, 876 F.2d 89, 91 (11th Cir. 1989). Therefore, when analyzing a proposed protective order, "[t]he party seeking a protective order has the burden to demonstrate good cause and must make '*a particular and specific* demonstration of fact as distinguished from stereotyped and conclusory statements' supporting the need for a protective order." *Queen*, 19-21931-CIV, 2019 WL 3716806, at *2 *citing Auto-Owners Ins. Co., v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429-30 (M.D. Fla. 2005) (emphasis added). In turn, a district court must state its reasoning for granting a protective order in a sufficient manner. *McCarthy*, 876 F.2d at 91.

Here, the Motion fails to advance ***any facts*** supporting good cause under Rule 26(c) [ECF No. 15]. For instance, the Respondents fail to identify what category of documents are to be protected or for what basis – annoyance, embarrassment, oppression, or undue burden to the parties. *See* Fed. R. Civ. P. 26(c).

Indeed, although the Motion is devoid of any basis for the requested Rule 26(c) order, a footnote in Respondents' Memorandum of Law in Opposition of the United States' Petition for

2

Summary Enforcement of Civil Investigative Demand (CID) 2021-SP-DMR/INT-01 and in Support of Respondents' Cross Motion for a Protective Order [ECF No. 14] (the "Memorandum") may shed some light on Respondents' rationale. In the Memorandum footnote, Respondents state that they need a protective order to "safeguard the confidential patient and employee information to be produced." *See* Memorandum at 11 fn. 5. This conclusory statement also fails under Rule 26(c) and the Eleventh Circuit standard because it neither establishes the required good cause nor identifies the information with any specificity. Moreover, because under HIPPA the Petitioner is entitled to the information requested by the CID and the information is protected by HIPPA, *see infra* section II., and parties would not be able to file any PHI in litigation without a seal order under Local Rule 5.4, *see infra* section III., there is no information requiring "safeguard" through a protective order. For these reasons, Respondents failed to establish good cause and the Motion for Protective Order should be denied.

> II.  **The Motion Should be Denied Because Petitioner is Entitled to the Requested Information in the Absence of a Protective Order as a HIPPA Recognized Health Oversight Agency and for Law Enforcement Purposes.**

Petitioner is qualified to receive patient information in its role as a "Health Oversight Agency" under HIPPA. HIPAA authorizes the Secretary of the Department of Health and Human Services ("HHS") to promulgate regulations to protect the privacy of medical records, including the uses and disclosures of such information that should be authorized or required. *See* 42 U.S.C. § 1320a-7c. In compliance with the statute, HHS issued its privacy rules restricting disclosure of any information that can identify the recipient of medical services (the "Privacy Rules"). The drafters of the Privacy Rules, however, recognized the need for access to PHI to assure the appropriate oversight of the nation's healthcare system. *Id*. Accordingly, the Privacy Rules provide for a limited number of circumstances under which covered entities may disclose PHI

3

without the patient's consent, including permissive disclosures for law enforcement and health oversight purposes. *See* 45 C.F.R. § 164.512.

45 C.F.R. § 164.512(d) governs how a covered entity (like Respondents) are to release PHI to a health oversight agency (like Petitioner). Subsection (d) also describes the "oversight activities" for which that information may be used by health oversight officials, which include "civil, administrative, or criminal proceedings or actions; or other activities necessary for the appropriate oversight of: (i) the health care system; [or] (ii) Government benefit programs for which health information is relevant to beneficiary eligibility. . . ." 45 C.F.R. § 164.512(d)(1).

In this proceeding, Petitioner seeks to discover from Respondents information related to allegedly false claims for services provided under Medicare, a government benefit program. Since Petitioner's CID concerns oversight of the nation's health care system to protect the integrity of the Medicare program, it falls under the health oversight provisions of the HIPPA rules. The CID also falls under a second HIPAA exception for "law enforcement purposes," which allows disclosure of PHI in compliance with "[a]n administrative request, including an administrative subpoena or summons, a civil or an authorized investigative demand, or similar process authorized under law . . . ." 45 C.F.R. § 164.512(f)(1)(ii)(C).

Under either HIPAA exception, Petitioner is entitled to the information without the need for any protective order, and will be bound to protect it from inappropriate disclosure under the Privacy Rules. Requiring an additional protective order is unjustified when statutory protections are already in place. Accordingly, the Motion for Protective Order should be denied.

**III.     The Motion Should be Denied Because in Future Hypothetical Litigation the Parties May Seek to File the Subject Information Under Seal.**

If Petitioner's health care fraud investigation ultimately results in litigation in this district, Local Rule 5.4 provides a means for the parties to seek to "safeguard" the subject information, by

4

filing it under seal, while allowing it to be submitted to a court for consideration. This process would move forward pursuant to Local Rule 5.4(b)(1). The Rule states that "where a case is not otherwise sealed" a party may file a motion to seal certain documents to prevent them from becoming part of the public record. Notably, Petitioner has already exercised Local Rule 5.4 in these proceedings to request filing under seal of information related to PHI that Respondents previously filed in the docket. *See* Motion to File Under Seal Unredacted Version of Petitioner's Reply in Support of Petition for Summary Enforcement of Civil Investigative Demand 2021 SP-DMR/INT-01 [ECF No. 20]. If litigation is commenced after Petitioner's investigation is complete – a hypothetical situation at this point – the parties might seek to file under seal any sensitive PHI pursuant to Local Rule 5.4. Accordingly, the Motion should be denied because if PHI later needs to be "safeguarded" in litigation, the parties may seek a sealed filing under Local Rule 5.4.

At the very least, a protective order is premature at this stage, where the parties are simply litigating the CID enforcement action, as opposed to any issues on the merits. A possible protective order may always be revisited if the matter is actually litigated and if appropriate to safeguard patient records or information that needs to be filed as part of the proceedings. At that time, the parties and the Court would be able to assess whether a protective order would be necessary or appropriate depending on the issues involved.[1]

## CONCLUSION

For all the foregoing reasons, the Motion for Protective Order should be denied.

DATED: May 10, 2022                                        Respectfully submitted,

---

[1] The United States notes that the Motion for Protective Order did not include a certificate of conferral as required by Local Rule 7.1(a)(3). The parties did confer, however, and the United States indicated that it opposed the motion. Rule 26(c) of the Federal Rules of Civil Procedure, which was adopted into the Local Rules of the United States District Court for Southern District of Florida as Rule 26.1(g)(3), also states that a motion for protective order "must include a certification" that the parties conferred or attempted to confer.

**JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY**

**By:**   <u>*Clarissa Pinheiro Schild*</u>
CLARISSA PINHEIRO SCHILD
Assistant United States Attorney
Florida Bar No. 0056784
99 N.E. 4th Street, Suite 300
Miami, Florida 33132
Tel.: 305.961.9310
Email: Clarissa.Schild@usdoj.gov
***Counsel for United States***