# EXHIBIT D

| | |
|---|---|
| **From:** | Schild, Clarissa (USAFLS) |
| **To:** | John T |
| **Cc:** | Andrea Wolfson; Mejia, John A (OIG/OI) |
| **Subject:** | RE: Simfa Rose |
| **Date:** | Monday, April 5, 2021 4:30:00 PM |
| **Attachments:** | Simfarose Conflict Letter.pdf |

John and Ms. Wolfson:

Please see attached letter and request regarding the potential conflict of interest we discussed.

Thank you,

Clarissa

**Clarissa Pinheiro Schild**
Assistant United States Attorney
United States Attorney's Office
Southern District of Florida
99 NE 4th Street, Third Floor
Miami, FL 33132
Phone: (305) 961-9310
Email: clarissa.schild@usdoj.gov


**From:** John T <jtartaglia@jatlawoffice.com>
**Sent:** Wednesday, March 31, 2021 9:03 AM
**To:** Schild, Clarissa (USAFLS) <cschild@usa.doj.gov>
**Cc:** Andrea Wolfson <Andrea@wolkon.net>; Mejia, John A (OIG/OI) <John.Mejia@oig.hhs.gov>
**Subject:** Re: Simfa Rose

Thank you. Please call me John. I will also be sending you a confirming letter of our telephone conversation yesterday.

On Wed, Mar 31, 2021 at 12:28 AM Schild, Clarissa (USAFLS) <Clarissa.Schild@usdoj.gov> wrote:

> Mr. Tartaglia:
>
> Quick update: While the conflict of interest letter is ready, it will undergo additional review tomorrow morning. I will get it to you as soon as the review is completed.
>
> I will also be sending you responses to questions raised and a summary of our discussion this afternoon so we can all keep track of where things stand with the CID.

4/5/2021

Dear Ms. Wolfson and Mr. Tartaglia:

I write to request specific, additional information from you regarding Ms. Wolfson's representation of Simfa Rose Pharmaceutical Specialty, Inc. d/b/a SimfaRose Pharmacy and related entities/individuals (SimfaRose) in connection with Civil Investigative Demand (CID) number **2021-SP-DMR/INT-01**, served on March 26, 2021. A potential conflict of interest has been identified, and it is important that the essential facts on this issue are addressed now to protect the integrity of this investigation.

As you are already aware based on information in the CID, the CID was issued pursuant to the False Claims Act, 31 U.S.C. §§ 3729-3733. However, please note that such investigations constantly evolve as new investigative leads are obtained. Therefore, if we obtain evidence indicating a different type of violation was committed, the focus of the investigation may certainly shift.



. On March 26, 2021, I raised the conflict of interest issue with you via email, and on March 30, we discussed it via telephone. Ms. Wolfson informed the government that as of now, she continues to represent SimfaRose. We agreed to provide more

---

1 █████████████████████████████████████████

4/5/2021

information in the form of this letter. It is now necessary to get additional information from you to determine how we may proceed.

Although the attorney with the potential conflict has the responsibility to address the issue together with her client(s), prosecutors (whether civil or criminal) also have duties in representing the United States that may entail protecting the legal rights of defendants and third parties. In analogous contexts, courts have interpreted those duties to include addressing conflicts as they arise, ensuring that defendants and third parties are adequately advised of their rights, and protecting the record, since a court may eventually need to get involved in the process of addressing a potential conflict before it undermines a proceeding.

At this point, my office's concern is to ensure that SimfaRose is not deprived of conflict-free counsel and that the record is protected to ensure this matter is not later subject to challenge on that basis. Accordingly, we must request that you review the relevant Rules of Professional Conduct, consider them in light of the potential types of conflicts referenced above, and provide evidence sufficient to determine which type of conflict is at issue. In lieu of providing the evidence, Ms. Wolfson may also opt to withdraw as counsel to resolve the conflict.

Rules at issue include:

1)   Florida Rules of Professional Conduct, RULE 4-1.7 CONFLICT OF INTEREST; CURRENT CLIENTS.

Rule 4-1.7 states that "a lawyer *must not* represent a client if" "there is a substantial risk that the representation of 1 or more clients will be materially limited by . . . *a personal interest of the lawyer*." (emphasis added). The rule allows a client to give informed consent to the representation, confirmed in writing, but only if certain criteria are met. For instance, the Comments to Rule 4-1.7 make clear that "when a disinterested lawyer would conclude that the client should not agree to the representation under the circumstances, the lawyer involved cannot properly ask for such agreement or provide representation on the basis of the client's consent."

Where a lawyer's conduct is at issue, there is undoubtedly a significant risk that the lawyer's judgment may be materially limited by her own interests.

2)   Florida Rules of Professional Conduct, RULE 4-3.7 LAWYER AS WITNESS

This rule states that "A lawyer *shall* not act as advocate at a trial in which the lawyer is likely to be a necessary witness on behalf of the client unless" certain conditions are met. Our review of Rule 4-3.7 indicates that the conditions do not appear to be satisfied, and if this matter

4/5/2021

proceeds to litigation, a court may need to decide whether Ms. Wolfson can continue the representation or must be disqualified.

I believe it prudent not to proceed ahead on any substantive matters until the potential conflict of interest matter is resolved.

We request that you respond to this letter in writing by Monday, April 12, 2021, providing sufficient evidence or information for the government to assess whether Ms. Wolfson █████████████████████████████████████████████████████

Sincerely,

s/ *Clarissa Pinheiro Schild*
Assistant United States Attorney
Southern District of Florida

3