# EXHIBIT I

| | |
|---|---|
| **From:** | Schild, Clarissa (USAFLS) |
| **To:** | John T |
| **Cc:** | John.Mejia@oig.hhs.gov; Andrea Wolfson |
| **Subject:** | RE: CID to SimfaRose |
| **Date:** | Friday, June 25, 2021 6:41:00 PM |
| **Attachments:** | Letter 6.25.2021.pdf |

John, please see attached letter.

**Clarissa Pinheiro Schild**
Assistant United States Attorney
United States Attorney's Office
Southern District of Florida
99 NE 4th Street, Third Floor
Miami, FL 33132
Phone: (305) 961-9310
Email: clarissa.schild@usdoj.gov

June 25, 2021

**RE: SimfaRose Investigation**

Mr. Tartaglia:

I write to address your two emails from Wednesday, June 23 at 1:07 am and 2:31 am. I take issue with your characterization of the events and find it necessary to make these clarifications.

- On April 5, 2021, I sent you and Ms. Wolfson a letter explaining a potential conflict of interest our office had identified between Ms. Wolfson and her client, SimfaRose. In this letter, my office requested additional information to explain the potential conflict of interest, and I stated: "I believe it prudent not to proceed ahead on any substantive matters until the potential conflict of interest matter is resolved."
- On April 6, 2021, your client requested an extension of time to respond to the conflict of interest letter and to our CID, which was served on SimfaRose March 26, 2021. That same day, April 6, I responded via email agreeing to SimfaRose's requests for extensions to respond to the conflict of interest issue and CID, and agreed to the timelines you proposed. We agreed that **May 3, 2021** was the deadline to respond to the conflict of interest issue, and **June 18, 2021**, was the deadline to respond to the CID. Note that I specifically stated in my email that we could agree to the extensions "**as long as you continue to provide documents and interrogatory responses on a rolling basis**." This timeline gave us plenty of time to address the conflict of interest issue before SimfaRose's deadline to respond to the CID.
- Also in your April 6, 2021 email, you said that in response to the conflict of interest issue, you would be providing us with the following items: "(1) ▮▮▮ (2) ▮▮▮ and (3) ▮▮▮
- On April 13, 2021, I sent you an email answering several questions posed by your client in the spirit of working together cooperatively on this investigation. Attached to that email was a letter containing even more detail documenting where things stood on our CID negotiations as of that point. I stated in my email: "I will still move forward with getting additional information as agreed; however, I will hold off on making any further substantive agreements or negotiations until we have resolved the conflict of interest issue." This was not an invitation for your client to delay cooperation indefinitely to avoid responding to the CID. At all times, the deadlines remained the same, but the hope was that we would resolve one issue before the other. Even at that early date, we had substantially narrowed the number of CID interrogatories and document requests that were still in dispute. We had reached an understanding on several of the requests. Regarding a specific set of requests, we did not reach a final agreement, but we set those aside to continue discussing at a later

time. It was clear from all our communications that we expected documents would be produced on a rolling basis.
- Regarding the conflict of interest issue, you provided some documents by the May 3 deadline. These were ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████
- On May 13, 2021, I sent you an email confirming we had received ████████████████████████ and asking you for a status update on the other documents. You did not respond to this request for a status update.
- On May 17, 2021, I sent you another email asking if you had sent us the letters you said you would send as part of your client's response on the conflict of interest. You did not respond to this email.
- On May 24, 2021, I sent you another email asking for a status update and letting you know that we did not receive responses to our latest inquiries. I alerted you that it was now 3 weeks past the May 3 deadline to respond to the conflict of interest issue. Later that day on May 24, you sent me a one-line email with your apologies saying you would respond to me later that day. You did not actually respond later that day.
- On May 28, 2021, I sent you an email addressing some outstanding CID-related issues so that you could have additional clarity as you compiled documents to respond to the CID. I also asked you an additional question about what software SimfaRose uses and the dates used so that we could better understand how SimfaRose's records are kept. This was done to ensure we kept moving forward on the CID efforts despite the delays and non-responsiveness on the conflict of interest issue.
- On June 4, 2021, you responded via email explaining you had been busy with other matters, that you would respond early the following week regarding the software question, and that you would be providing us with the outstanding documentation on the conflict of interest issue. Later that day, I confirmed to you that we had indeed still not received ████████████████████████████████████
- The following week, on Tuesday June 8, I followed up to ask about what software your client used and said this should not be difficult to provide.
- On June 9, 2021, you responded with a one-line email stating only: "The software is QS/1." You did not provide the dates the software was used, nor did you address the outstanding documents.
- On June 17, 2021, the day before the agreed CID deadline, I still had not heard back from you. I sent you an email that day stating that in light of the new federal holiday on June 18, you could have until Monday, June 21 to provide documents. However, I told you that we could no longer delay the investigation, and that I expected a good faith effort to provide responses to the CID.
- At no time did I say that I refused to continue working with you on the CID. On the contrary, I specifically stated in my June 17 email that I expected a good faith effort to produce documents by Monday "even if there are a few issues we are still working through." I also stated: "If Simfarose is not prepared to provide all these documents now, I suggest beginning with as many as they are able to provide, and we go from there."
- The week of June 21, 2021, we finally received outstanding documents on the conflict of interest issue that were promised in your April 6, 2021 email. On June 21, your client provided ████████ ████████████████████████████████████████████████████████████ On June 23 we received a 1.5 page letter from SimfaRose addressing the conflict of interest issue, a one-page affidavit ████████ ████████████████ and a three-page ████████████████████ These documents and ████████ ████████████████ make up the totality of documents we have received in this period of over 2.5 months. We obviously cannot continue at this same pace of document production.

2

In light of the actual facts and history of events, I was surprised at the tone and content of your June 23 emails. We have a very professional team working on this investigation, and we have handled all matters involving ███████████████ with professionalism and courtesy. I expect the same in return. It is my obligation to address potential conflicts of interest, and it is my job to move forward with this investigation.

At this time we request the following as next steps:

- By **Tuesday, June 29, 2021**: Please have your client confirm to us in writing that they want to move forward with Ms. Wolfson representing them in this investigation. This can be done via a short email. We will then proceed on all substantive matters.
- By **July 12, 2021**: We will give an extension until this date to provide the following:
    - Responses to all interrogatories except Interrogatory 7 and Interrogatory 11. For Interrogatory 7, if your client still maintains that responding is too burdensome despite the additional communications we've had on this Interrogatory, provide a detailed explanation of the burdens of complying with the request by this deadline. We will set Interrogatory 11 aside for now and revisit later if necessary.
    - Responses to Document Requests 1, 4, 5, 6, 9, and 10.
    - Responses to Document Request 2. Based on recordkeeping laws, rules, and regulations, it should not be unduly burdensome for your client to provide these records. We are still requesting the records for all patients listed. Your client should have the capability of retrieving these records. If your client continues to have objections, please provide the objections while complying with the CID obligations. We are open to considering objections and addressing them prior to the deadline, but it is your client's responsibility to address questions prior to the deadline.
    - Responses to Document Request 8 as further explained and clarified by our communications. As we already agreed, at this time, this response can begin with documents reflecting notices of and determinations made in connection with internal or external investigations, audits, reviews, or inquiries. We reserve the right to request remaining responsive documents at a later time.
    - At this time, we will set aside Document Request 3 as previously agreed, while reserving our right to revisit later.
- The remaining document requests will be discussed through separate communications over the next two weeks. We will establish a separate deadline for these requests.

Thank you.

Sincerely,

*Clarissa Pinheiro Schild*
Clarissa Pinheiro Schild
Assistant United States Attorney
United States Attorney's Office
Southern District of Florida

3