UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: [1:22-mc-20422-JEM]

UNITED STATES OF AMERICA

    Petitioner,

v.

SUZETTE BONANNO; CHARLES
BONANNO; and SIMFA ROSE
PHARMACEUTICAL SPECIALTY, INC.,
d/b/a SIMFAROSE PHARMACY,

    Respondents.
_____/

## SUR-REPLY IN OPPOSITION OF THE UNITED STATES' PETITION FOR ENFORCEMENT OF CIVIL INVESTIGATION DEMAND

As articulated in Respondent's filed Opposition to the Government's instant application, on December 17, 2021 Drug Enforcement Agents (DEA) in conjunction with local police and other law enforcement authorities executed an Administrative Warrant as against respondents seizing documents and property far exceeding the scope of any lawful authority. The Declarations of Charles Bonanno[1] and Attorney Andrea L. Wolfson detail the abusive and unconstitutional use of

---

[1] Petitioner's waiver argument based on the failure to petition to set aside the CID is meritless. *U.S. v. Seitz*, 1993 WL 501817 at *7 (S.D. Ohio 1993). Petitioner intentionally violated respondents' rights, abused this Court's process and ignored the clear limitations the Court specifically imposed on its search and seizure authority in accordance with federal law, by forcibly taking the very documents sought by the CID, and much more, under the guise of the DEA warrant to circumvent respondents' valid objections to, we submit, an overbroad CID petitioner had no authority to issue. Further enforcement cannot be awarded as to the documents that are already in petitioner's possession, including everything seized on December 17, 2021. *U.S. v. Powell*, 379 U.S. 48, 57-58 (1964); Doe v. United States, 253 F.3d 256, 265 (6th Cir. 2001); *U.S. v. Fresenius Med. Care Holdings, Inc.*, No. 3:20-cv-00158, 2020 WL 39546647 at *1, *4 (M.D. Tenn. July 6, 2020); *In re Civil Investigative Demand 15-439*, 2016 WL 4275853 at *7-*8. Petitioner's only possible basis for demanding duplicative production of everything it unlawfully seized from respondents is to circumvent objections to using what it unlawfully seized.

1

force and deprivation of fundamental Constitutional Rights with the apparent consent of petitioner herein. The responsive Declaration of Drug Enforcement Administration Diversion Investigator Melissa J. Szwanke, sworn to pursuant to 28 U.S.C. § 1746, is directly contradicted by the videotape evidence submitted to this Court as Exhibit 1 and the Declaration of Gladys Suarez attached hereto.

Szwanke's Declaration states" at no time was Charles Bonanno handcuffed during the execution of the AIW." Declaration of Szwanke at 4. It is beyond incredible that the sworn to Declaration of a law enforcement officer contain such a self-serving statement knowing that Charles Bonanno was held captive by Agents of the United States Government for over five (5) hours without access to his "attorney of record" for the instant matter and denied medical attention. Even more incredible is that the Office of the United States Attorney would support the falsehood that simply because Charles Bonanno was not physically handcuffed he was not "in custody."

It is well established that a person is in custody whenever an officer "restrains the freedom of a person to walk away, he has seized that person." *Tennessee v. Garner,* 471 U.S. 1, 7, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985) (citing *United States v. Brignoni-Ponce,* 422 U.S. 873, 878, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975)). Because Szwanke and her accomplices surrounded Charles Bonanno and there was no way for him to escape the confines of his place of business, he was "seized" for the purposes of the Fourth Amendment. The Government can not deny that and should not be allowed to support that misrepresentation of the truth by Szwanke's deliberate simplification of Charles Bonanno's unlawful detention.

Szwanke's Declaration also untruthfully articulates that "at no time was Charles Bonanno forbidden from consulting with counsel." Declaration of Szwanke at 5. The Declaration of Charles Bonanno clearly articulates that he instructed family members to call his attorney and that during

2

his imprisonment he was not allowed to consult with his attorney. Declaration of Charles Bonanno at 5 and 12.

As evidenced by Exhibit 1 submitted to this Court[2] and the attendant Declarations of Sarina Bonanno and Gladys Suarez attesting to the truth and accuracy of same, Charles Bonanno was clearly "forbidden from consulting with counsel." *See* Exhibit 1.

As viewed on Exhibit 1 Attorney Wolfson identified herself as "of record" for the instant matter, requested access and was denied. Moreover, the cowardness of the DEA Agents involved is beyond belief that they would only speak with Attorney Wolfson through the security of a locked door as if Attorney Wolfson posed some grave risk to the DEA's self-declared "crime scene." Exhibit 1 at 48 seconds.

Clearly Szwanke's untruthful statements that Charles Bonanno was not forbidden from consulting with counsel relied on the fact that Szwanke and her cohorts illegally dismantled and removed from the scene of their crime, Simfarose's video/audio surveillance equipment. *See* Petitioners Exhibit 1 at page 3, DVR S/NY 2020112200001.

The Declarations of Sarina Bonanno and Gladys Suarez clearly establish the untruthfulness replete in the Declaration of Szwanke. The statements of DEA Agents that should Charles Bonanno faint they would allow his attorney and family to call an ambulance for him is the highest level of malfeasance and further demonstrates the Government's improper motives and bad faith.

We respectfully submit, if ever there were a case in which this Court should recognize the potential existence of fabrication, this is it. *See, Kingsland v. City of Miami*, 369 F.3d 1210 (11th Cir. 2004) *citing Stone v. City of Chicago*, 738 F.2d 896 (7th Cir. 1984) (finding evidence

---

[2] Exhibit 1, a flash drive containing the referenced video is being sent to the Court and Petitioner under separate overnight correspondence.

sufficient to support jury verdict in favor of plaintiffs on conspiracy claim under 42 U.S.C. § 1985 where plaintiffs were involved in collision with officers).

## CONCLUSION

For the above reasons, including all prior Submissions, Declarations and Exhibits, Respondents respectfully requests that this Court deny the Petition to enforce the CID and grant all prior relief requested.

Dated: White Plains, New York
       May 23, 2022

Respectfully submitted,

Pat Bonanno & Associates, P.C.

By:    Pat Bonanno, Esq. (PB 8549)
Attorneys for Respondents
175 Main Street
White Plains, NY 10601
pbacounsel@gmail.com
(914) 948-5545 (Phone)

**SMITH, GAMBRELL & RUSSELL, LLP**

*/s/ Richard D. Rivera*
Richard D. Rivera
Florida Bar No. 0108251
rrivera@sgrlaw.com
50 N. Laura Street, Suite 2600
Jacksonville, FL 32202
Tel: (904) 598-6157
Fax: (904) 592-6257

*Local Counsel for Respondents*

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

*/s/ Richard D. Rivera*
Attorney