**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 1:22-mc-20422-JEM

UNITED STATES OF AMERICA,

    Petitioner,

v.

SUZETTE BONANNO; CHARLES
BONANNO; and SIMFA ROSE
PHARMACEUTICAL SPECIALTY, INC.
d/b/a SIMFAROSE PHARMACY.

    Respondents.
_____/

**UNITED STATES' SUR-SURREPLY IN**
**SUPPORT OF PETITION FOR SUMMARY ENFORCEMENT OF**
**CIVIL INVESTIGATIVE DEMAND 2021-SP-DMR/INT-01**

Petitioner the United States, by and through the undersigned Assistant United States Attorney, hereby files its sur-surreply in support of its petition for summary enforcement of Civil Investigative Demand ("CID") 2021-SP-DMR/INT-01 and in response to Respondents' surreply [ECF No. 31].

**Supplemental Facts and Procedural History**

On May 23, 2022, Respondents filed their surreply in opposition of the United States' petition for summary enforcement of CID 2021-SP-DMR/INT-01 [ECF No. 31]. On July 18, 2022, the Court issued an Order [ECF No. 37] granting the United States' unopposed motion for leave to file a sur-surreply [ECF No. 33]. On June 3, 2022, the Drug Enforcement Administration ("DEA") contacted Respondents' counsel via email to arrange for the return of the server and other electronic documents seized pursuant to the Administrative Inspection Warrant ("AIW")

conducted at SimfaRose Pharmacy.[1] To date, neither Respondents nor their counsel have made arrangements with DEA for pick-up or return of the seized items.

## Argument

In their surreply [ECF No. 31], Respondents continue to distract from the real issues in this matter. The declaration of Charles Bonanno [ECF No. 31-1, hereafter "Decl."] accuses the Government of misusing DEA's AIW authority to seize documents that Respondents refused to produce pursuant to the CID. But this baseless accusation reflects a fundamental misunderstanding of Government investigations and authorities. As the Government has explained to Respondents and in prior filings, the DEA, not the undersigned counsel, has the authority to issue an AIW. The AIW must also be approved by a judge in federal district court, as was the case here. Importantly, it is common for the Government to pursue separate parallel investigations, including investigations of Controlled Substances Act and False Claims Act violations. The Government may legitimately use multiple authorities at the same time, such as a CID and AIW. Parallel criminal and civil proceedings are also common, and nothing prevents the Government from pursuing multiple avenues and investigating multiple violations. Nor has the Government misused any of the documents obtained during the AIW. On the contrary, the Government continues to pursue the CID to obtain the outstanding documents pursuant to the latter authority, which Respondents have refused to produce. The Government has always acknowledged that the AIW gives authority to obtain and use the controlled substance-related

---

[1] The Government can provide additional supporting declarations or emails upon the Court's request; however, the Government has not done so here to avoid excessive sur-surreplies and court filings in this matter.

records, and other authorities are needed with respect to non-controlled substances.

The declaration of Charles Bonanno [ECF No. 31-1] also devotes several pages to describing the "massive" amounts of documents seized pursuant to the AIW, without adequately addressing the key issues in the Government's petition for enforcement of the CID. Massive amounts of documents mean nothing if they are not the *requested* documents. It is telling that Respondents have failed to address item by item the documents that the Government flagged as outstanding in its original petition and accompanying Summary Chart [ECF Nos. 1, 1-5]. There has been no meaningful attempt to resolve the outstanding issues regarding the CID. The Government notes that in his declaration [ECF No. 31-1], Mr. Bonanno acknowledges, for example, that the seized QS/1 documents contain information only for "some specialty drug products," not all. Decl. ¶ 12. Respondents conveniently point to voluminous data, while clearly still withholding key documents. Nor have Respondents satisfied their obligations under the CID simply because the DEA seized other records. The burden should not be shifted to the Government to sift through the data to determine what is responsive without input from Respondents. Respondents have also failed to address the outstanding interrogatory responses.

Mr. Bonanno claims that the Government seized records without regard for patient care [Decl. ¶ 4], while also acknowledging Respondents had a duplicate server and could still operate the pharmacy despite the seized records [Decl. ¶ 11]. Moreover, the DEA offered to return Respondents' server and other electronic records on June 3, 2022, as part of the investigation, but Respondents have yet to make arrangements for pick-up or return of the items, further evidencing Respondents' lack of credibility as to the supposed urgency of having the server returned.

Finally, Respondents' baseless accusations regarding Government personnel are an

unfortunate defense tactic, but as previously pointed out, there are appropriate avenues for litigating such disputes should Respondents choose to pursue them.

Dated:  July 20, 2022                                                 Respectfully submitted,

                                      **JUAN ANTONIO GONZALEZ**
                                      **United States Attorney**

                                      *Clarissa Pinheiro Schild*
                                      **Clarissa Pinheiro Schild**
                                      **Assistant United States Attorney**
                                      Fla. Bar No.: 0056784
                                      United States Attorney's Office
                                      99 N.E. 4th Street, 3rd Floor
                                      Miami, Florida 33132
                                      Tel.: 305.961.9310
                                      E-mail: clarissa.schild@usdoj.gov
                                      *Counsel for the United States*