**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No.: 1:22-cv-20422-JEM/Becerra

UNITED STATES OF AMERICA,

    Petitioner,

v.

SUZETTE BONNANO; CHARLES BONANNO; and SIMFA ROSE PHARMACEUTICAL SPECIALTY, INC. d/b/a SIMFAROSE PHARMACY.

    Respondents.

_____/

**ORDER MEMORIALIZING HEARING**

**THIS CAUSE** came before the Court upon Petitioner United States of America's (the "Government" or "Petitioner") Petition for Summary Enforcement of Civil Investigative Demand 2021-SP-DMR/INT-01 and Supporting Memorandum of Law (the "Petition"), ECF No. [1]. Respondents Suzette Bonanno, Charles Bonanno, and Simfa Rose Pharmaceutical Specialty, Inc. d/b/a Simfarose Pharmacy (collectively, "Respondents") filed a Memorandum of Law in Opposition to the United States' Petition for Summary Enforcement of Civil Investigation Demand (CID) 2021-SP-DMR/INT-01 (the "Opposition to Petition"), ECF No. [14], the Government filed a Reply, ECF Nos. [25], [26], Respondents filed a Sur-Reply with leave of Court, ECF No. [31], and the Government filed a Sur-Reply with leave of Court, ECF No. [38]. Respondents also filed a Cross-Motion for Protective Order (the "Motion for Protective Order"), ECF No. [14], and the Government filed a Response in Opposition (the "Opposition to Protective Order"), ECF No. [24].

1

The Parties appeared before the undersigned for oral argument on January 17, 2023. *See* ECF No. [50].

For the reasons stated at the hearing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Petitioner's Petition for Summary Enforcement of Civil Investigative Demand 2021-SP-DMR/INT-01, ECF No. [1], was **GRANTED IN PART**, and Respondents' Opposition to Petition and Motion for Protective Order were **DENIED IN PART**, as follows:

    a. The Government's issuance of the CID is not barred by 31 U.S.C. § 3733;

    b. Respondents failed to raise any abuse of authority arguments in a timely manner. Respondents did not properly object to the CID but rather waited until the time of their Opposition to Petition to raise the argument for the first time, ECF No. [14]. Respondents' abuse of authority argument was thereby **DENIED WITHOUT PREJUDICE** as untimely;

    c. Respondents argued that a protective order was appropriate to safeguard confidential patient and employee information. As stated at the Hearing, the undersigned finds the reasoning of *National Abortion Federation v. Ashcroft*, No. 03-cv-08695, 2004 WL 555701, at *1 (S.D.N.Y. Mar. 19, 2004) persuasive and concludes that Florida Statutes Section 456.057 and its more stringent patient privacy provision does not preempt federal law, and is not incorporated into federal law. Federal law does address the Respondents' obligations of production herein. Therefore, Respondents' Cross-Motion for Protective Order, ECF No. [14], was **DENIED**;

d. Respondents' concerns regarding duplicate servers are not persuasive. As stated at the Hearing, Respondents must produce the relevant documents in their possession within **thirty (30) days** from the date of the Hearing;

e. As to the scope of the CID, Respondents shall respond as to the listed entities: "SimfaRose Pharmacy, any of its related entities (to include predecessor and successor entities, affiliates, branches, or offices, including but not limited to KGJ Enterprises and SimfaRose Pharmaceutical Specialty Inc.), and any person acting on its behalf, including but not limited to its officers, owners, shareholders, employees and/or attorneys, consultants, accountants, investigators, representatives or agents." *See* ECF No. [1-3]. As stated at the hearing this directive explicitly includes SimfaRose Pharmacy, KGJ Enterprises, and SimfaRose Pharmaceutical Specialty Inc., at minimum. Respondents shall also respond as to "any of [SimfaRose Pharmacy's] related entities." Respondents may only object to the inclusion of entities if they have a good faith basis for the objection;

f. As to Petitioner's request to include Sea J. Pharmacy Corp. as a related entity, the Court **DENIED WITHOUT PREJUDICE** the request, as more information was needed. The Parties have since stipulated that Sea J. Pharmacy Corp. shall be treated as a related entity for purposes of the CID. *See* ECF No. [52].

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 9, 2023.

_____
**JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE**